Todd BEARDEN, Appellant,

v.

STATE of Missouri, Respondent.

No. SC 96515

Supreme Court of Missouri,
en banc.

Opinion issued October 31, 2017

Bearden was represented by Amy E. Lowe of the public defender's office in St. Louis, (314) 340-7662.

The state was represented by Shaun J. Mackelprang of the attorney general's office in Jefferson City, (573) 751-3321.

Zel M. Fischer, Chief Justice

Todd Bearden appeals a judgment overruling his amended Rule 24.035 motion for post-conviction relief without an evidentiary hearing.[1] Bearden's amended motion was untimely, but the motion court did not conduct an abandonment inquiry. Consequently, the judgment is reversed, and the case is remanded.

### Factual and Procedural Background

The state charged Bearden with two counts of the class C felony of possession of a chemical with the intent to create a controlled substance in violation of § 195.420, RSMo. Supp. 2010.[2] Bearden pleaded guilty to both charges. The circuit court sentenced Bearden to consecutive seven-year sentences, suspended execution of the sentences, and placed him on probation for five years. Bearden did not appeal.

In April 2015, the circuit court held a probation revocation hearing, revoked Bearden's probation, and executed his sentences. Bearden was delivered to the department of corrections.

Bearden timely filed a *pro se* Rule 24.035 motion for post-conviction relief. The motion court appointed the public defender to represent Bearden. On December 18, 2015, appointed counsel filed a transcript of the guilty plea, sentencing, and probation violation admissions. On December 29, 2015, appointed counsel filed a transcript of Bearden's probation revocation hearing. The motion court granted Bearden a 30-day extension of time. Bearden filed his amended motion March 30,

---

1. The court of appeals transferred the case to this Court after opinion pursuant to Mo. Const. art. V, sec. 10.

2. Effective January 1, 2017, § 195.420 was transferred to § 579.110.

2016. The motion court denied relief without an evidentiary hearing.[3] Bearden appeals.

### Abandonment

▮ Rule 24.035(g) filing deadlines are mandatory. *Stanley v. State*, 420 S.W.3d 532, 540 (Mo. banc 2014). Both circuit and appellate courts "have a 'duty to enforce the mandatory time limits ... even if the state does not raise the issue.'" *Price v. State*, 422 S.W.3d 292, 297 (Mo. banc 2014). Accordingly, this Court will not consider the merits of a motion for postconviction relief without first determining whether the motion was timely filed. *Gittemeier v. State*, No. SC95953, 527 S.W.3d 64, 66–67, 2017 WL 4002011, at *1 (Mo. banc Sept. 12, 2017). When appointed counsel fails to file a timely amended motion, this Court will remand the case to the motion court to determine whether appointed counsel abandoned the post-conviction movant. *Moore v. State*, 458 S.W.3d 822, 825-26 (Mo. banc 2015).[4]

### The Amended Motion Was Untimely

Rule 24.035(g) provides:

If no appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed or (2) the date both a complete transcript has been filed in the trial court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.

▮ Rule 24.035(g) defines a "complete transcript" as "consisting of" the transcript of the "guilty plea and sentencing hearing." The "complete transcript" does not include a transcript of the probation revocation hearing. Accordingly, the 60-day filing period began December 18, 2015, when appointed counsel filed a transcript of the guilty plea and sentencing hearing. Given the 30-day extension granted by the motion court, Bearden's amended motion was due March 17, 2016. Bearden's amended motion was filed out of time on March 30, 2016.

Contrary to the plain language of Rule 24.035(g), Bearden asserts the transcript was not "complete" until December 29, 2015, when appointed counsel filed a transcript of the probation revocation hearing. Bearden's argument is premised on the incorrect assumption his probation revocation hearing was part of his sentencing hearing.

▮ A criminal "sentence" is the penalty for a particular offense. *McCulley v. State*, 486 S.W.2d 419, 423 (Mo. 1972). When "a sentence is imposed but then its execution is suspended, the judgment is final and the defendant has a right of immediate appeal." *State ex rel. Poucher v. Vincent*, 258 S.W.3d 62, 66 (Mo. banc 2008); *see also Taylor v. State*, 25 S.W.3d 632, 633 (Mo. App. 2000) ("When a court suspends the execution of sentence, only the act of executing the sentence has been suspended; a criminal conviction has been entered and the sentence has been as-

---

3. Bearden's amended Rule 24.035 motion alleged: (1) there was an insufficient factual basis for his guilty pleas, (2) counsel was ineffective for failing to advise him of potential defenses, and (3) his guilty pleas were entered involuntarily during an unconstitutional group plea hearing.

4. The abandonment doctrine does not apply to retained counsel. *Gittemeier*, 527 S.W.3d at 68–69, 2017 WL 4002011, at *3.

sessed."). It follows that probation "is not a sentence nor could the conditions of probation be a sentence." *McCulley*, 486 S.W.2d at 423; *see also State v. Williams*, 871 S.W.2d 450, 452 (Mo. banc 1994) ("Probation is not part of the sentence."). Instead, probation reduces the impact of a sentence and "operates independently of the criminal sentence." *State v. Fernow*, 328 S.W.3d 429, 432 (Mo. App. 2010). A probation revocation hearing, therefore, "is a civil action and not a mere continuation of the earlier criminal proceeding." *State ex rel. Manion v. Elliot*, 305 S.W.3d 462, 464 (Mo. banc 2010).

Because the judgment in Bearden's criminal case was final when the sentence was entered, it necessarily follows that the subsequent, civil action to revoke his probation was not a part of the previously concluded sentencing hearing. Consequently, the Rule 24.035(g) filing period began December 18, 2015, when appointed counsel filed the "complete transcript consisting of the guilty plea and sentencing hearing." Including the 30-day extension, Bearden's amended motion was due March 17, 2016. Bearden's amended motion was filed out of time on March 30, 2016.

Bearden argues Rule 29.07(b)(4) demonstrates his probation revocation hearing was part of his "sentencing hearing" for purposes of determining commencement of the Rule 24.035(g) filing period. In pertinent part, Rule 29.07(b)(4) provides:

If a defendant has a right to proceed under Rule 24.035 or Rule 29.15, the court at the conclusion of final sentencing shall advise the defendant of such right and shall examine the defendant as to the assistance of counsel received by the defendant.

Bearden asserts the term "final sentencing" in Rule 29.07(d) implies an initial sentencing and, therefore, establishes sentencing is not a single procedure. Bearden also argues the probation revocation hearing was his "final sentencing" because the circuit court first provided notice of his postconviction rights during the probation revocation hearing. These arguments fail because probation revocation is not sentencing.[5] Therefore, filing the transcript of the probation revocation hearing had no bearing on the timeliness of Bearden's amended motion.

### Conclusion

The judgment is reversed, and the case is remanded.

All concur.

---

**5.** In *Hewitt v. State* 518 S.W.3d 227, 231 (Mo. App. 2017), the court of appeals rejected a similar argument by noting Rule 29.07(b)(4) obligates the court to notify the defendant of the right to proceed under Rule 24.035 only "[i]f the defendant has a right to proceed under Rule 24.035." (Emphasis in original). The right to proceed under Rule 24.035 is available only after an offender is "delivered to the custody of the department of correc- tions." Like Bearden, the movant in *Hewitt* was not delivered to the department of corrections "and, therefore, had no right to proceed under Rule 24.035 at that time." *Hewitt*, 518 S.W.3d at 231. Rule 29.07(b)(4) did not obligate the circuit court to inform Bearden of Rule 24.035 rights and does not alter the fact that Bearden's probation revocation hearing was not part of his sentencing hearing.