George W. Draper III, Judge
Lowell Clyde Milner (hereinafter, "Milner") appeals from a judgment dismissing his Rule 24.035 motion for post-conviction relief without an evidentiary hearing.[1] Milner's amended motion for post-conviction relief was filed untimely, and the motion court failed to make an independent inquiry into whether Milner was abandoned by his appointed counsel. Because the determination of whether Milner was abandoned determines which post-conviction motion should be reviewed and there was no record available for review of the motion court's determination, this Court reverses the motion court's judgment and remands the case with instructions for the motion court to make an independent inquiry to determine whether Milner was abandoned.
Factual and Procedural History
Milner pleaded guilty to two counts of failing to register as a sex offender. The circuit court sentenced Milner to four years' imprisonment for each count to run consecutively. The circuit court suspended execution of Milner's sentence, and placed him on five years' probation. Subsequently, Milner's probation was revoked, his sentence was executed, and he was delivered to the department of corrections.
Milner timely filed his pro se motion for post-conviction relief, pursuant to Rule 24.035, on April 11, 2016. Post-conviction relief counsel (hereinafter, "Counsel") was appointed that same day.
*479 The transcript from Milner's guilty plea and sentencing hearing was filed May 24, 2016. Counsel filed a motion requesting an extension of time to file the amended motion for post-conviction relief; the motion court granted this motion. Milner's amended motion for post-conviction relief was due September 22, 2016. Rule 24.035(g).
However, Counsel did not file an amended motion for post-conviction relief until November 2, 2016, raising additional claims other than those asserted in the pro se motion for post-conviction relief. Counsel requested the amended motion be filed out of time because she was unable to obtain records that were destroyed by Milner's plea counsel. Prior to the motion court ruling on Counsel's request to file out of time, the state filed a motion to dismiss Milner's pro se motion for post-conviction relief.
The motion court did not adjudicate Milner's amended motion and entered a judgment dismissing Milner's pro se post-conviction motion without an evidentiary hearing. Milner appeals.
Discussion
"Appellate review of judgments disposing of Rule 24.035 motions is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous." Hall v. State , 528 S.W.3d 360, 361 (Mo. banc 2017) ; Rule 24.035(k). "Findings and conclusions are clearly erroneous if, after reviewing the entire record, this Court is left with the definite and firm impression that a mistake has been made." Barton v. State , 486 S.W.3d 332, 336 (Mo. banc 2016) (quoting Eastburn v. State , 400 S.W.3d 770, 773 (Mo. banc 2013) ).
An amended motion for post-conviction relief must be filed within sixty days of the date both a complete transcript of the guilty plea and sentencing hearing is filed and counsel is appointed. Rule 24.035(g). The motion court "may extend the time for filing the amended motion for one additional period not to exceed 30 days." Id. "Rule 24.035(g) filing deadlines are mandatory." Bearden v. State , 530 S.W.3d 504, 506 (Mo. banc 2017).
When appointed post-conviction counsel fails to comply with the mandates of Rule 24.035, the movant may have been abandoned by counsel.[2] There are two categories of abandonment claims: (1) when "post-conviction counsel takes no action on movant's behalf with respect to filing an amended motion" and (2) "when post-conviction counsel is aware of the need to file an amended post-conviction relief motion and fails to do so in a timely manner." Barton , 486 S.W.3d at 338 (quoting Barnett v. State , 103 S.W.3d 765, 774 (Mo. banc 2003) ). "Claims of abandonment are reviewed carefully to ensure that the true claim is abandonment and not a substitute for an impermissible claim of ineffective assistance of post-conviction counsel." Taylor v. State , 254 S.W.3d 856, 858 (Mo. banc 2008).
Here, Milner's amended motion for post-conviction relief was due September 22, 2016, but it was not filed until November 2, 2016. Milner and the state concede Counsel's amended post-conviction motion was filed untimely.
"The untimely filing of an amended motion by post[-]conviction counsel creates a presumption of abandonment." Watson v. State , 536 S.W.3d 716, 719 (Mo. banc 2018). When appointed counsel fails to file an amended post-conviction motion timely, the motion court is obligated to conduct an independent inquiry *480 to determine whether the movant was actually abandoned. Bearden , 530 S.W.3d at 506 ; Moore v. State , 458 S.W.3d 822, 825 (Mo. banc 2015).
The method of making this inquiry may be as formal or informal as the motion court deems necessary to resolve the question of abandonment by counsel .... However, a sufficient record must be made to demonstrate on appeal that the motion court's determination on the abandonment issue is not clearly erroneous.
McDaris v. State , 843 S.W.2d 369, 371 n.1 (Mo. banc 1992).
If the motion court determines appointed counsel's apparent inattention to filing an amended post-conviction motion stems from the movant's negligence or intentional failure to act, the movant is entitled to no additional relief, and the motion court should proceed upon the pro se post-conviction motion. Moore , 458 S.W.3d at 825. "If the motion court determines that the movant was abandoned by appointed counsel's untimely filing of an amended motion, the court is directed to permit the untimely filing." Id. at 826.
"When the independent inquiry is required but not done, this Court will remand the case because the motion court is the appropriate forum to conduct such an inquiry." Id. The result of the motion court's inquiry will determine which motion the motion court should adjudicate. Id.
In this case, the record demonstrates Counsel filed a motion to consider the untimely amended motion as timely filed pursuant to Sanders v. State, 807 S.W.2d 493 (Mo. banc 1991). Then the state filed a motion to dismiss Milner's post-conviction motion for failure to file a timely amended motion. The motion court sustained the state's motion, finding there was no abandonment by Counsel and Milner had not made any ineffective assistance of counsel claims in his pro se post-conviction motion.
Counsel's failure to file a timely amended post-conviction motion created a presumption of abandonment and triggered the motion court's obligation to conduct an independent inquiry to determine whether the movant was actually abandoned. There is no record demonstrating the motion court conducted an independent inquiry into whether Milner was abandoned.
The failure to conduct an independent inquiry requires this case to be remanded to the motion court for an independent abandonment inquiry, which is capable of being reviewed by an appellate court. If the motion court determines Counsel failed to file a timely amended motion due to the movant's negligence or intentional failure to act, there is no abandonment and the motion court should adjudicate the pro se post-conviction motion. Moore , 458 S.W.3d at 825. However, if the motion court determines the movant did not act negligently or did not intentionally fail to act, the motion court should permit the untimely filing. Id. at 826.
Conclusion
The motion court's judgment is reversed. This case is remanded with instructions for the motion court to make an independent inquiry, which is capable of being reviewed by an appellate court, to determine whether Milner was abandoned by Counsel's failure to file an amended post-conviction motion timely.
All concur.

This Court acquired jurisdiction by granting transfer following an opinion by the court of appeals. Mo. Const. art. V, sec. 10.

The abandonment doctrine is limited to circumstances involving appointed post-conviction counsel. Gittemeier v. State , 527 S.W.3d 64, 71 (Mo. banc 2017).