

# Missouri Court of Appeals

## Southern District

### Division Two

CORNELIUS JUNIOR HARRIS,      )
                              )
    Movant-Appellant,        )
                              )
v.                            )     No. SD36003
                              )
STATE OF MISSOURI,            )     **Filed:  September 11, 2019**
                              )
    Respondent-Respondent.   )

### APPEAL FROM THE CIRCUIT COURT OF DUNKLIN COUNTY

Honorable John Spielman

**REVERSED AND REMANDED**

Cornelius Junior Harris ("Movant") appeals the Dunklin County Circuit Court's denial of his amended Rule 24.035[1] motion ("the motion").  As Movant suggests in his brief – and the State agrees – because the motion was filed out of time and the record does not indicate that the motion court conducted an abandonment inquiry, we must reverse and remand the matter for the motion court to determine whether Movant was abandoned by his appointed counsel.

### Background

In March 2012, Movant pleaded guilty, pursuant to a plea agreement, to one count of possession of a controlled substance.  At the time of his plea, Movant was on probation in two other cases.  The plea court revoked Movant's probation in those cases and imposed,

---

[1] All rule references are to Missouri Court Rules (2012).

concurrently, the previously-suspended, four and six-year sentences pursuant to section

217.362,[2] the long-term substance treatment program.

In exchange for his guilty plea in the current case,

> the State agreed to recommend a six-year sentence on this charge pursuant to
> [section] 217.362, that that sentence initially run consecutive to the six and
> four which run concurrent with each other, both subject to [section] 217.362,
> all with placement in long-term substance abuse treatment program.
> Further, that [Movant] be released until 6:00 p.m., Sunday, April 1st.
> That's this coming Sunday. And that if he returns without problem and not
> having committed any new offenses that this would be amended to be made
> concurrent with the other sentences. If he did not return at that time or if he
> had some kind of violations of law between now and then, then the 217
> portion of all three sentences would be removed and it would remain this
> would remain a consecutive sentence. So there's a big risk.

Movant and his counsel both agreed that the foregoing recitation was consistent with

their understanding of the plea agreement. The plea court sentenced Movant accordingly,

and it cautioned Movant that if he did not return as directed from his furlough, then his new

sentence would run consecutively to the other two, and Movant would be "taken back to

prison to serve [his] sentence."

Movant did not return from his furlough on the appointed date, and he was arrested

at his home on the plea court's capias warrant the following evening. As previously

announced, the plea court deleted "[t]hat portion of the [j]udgment and [s]entence . . .

sentencing [Movant] pursuant to [section] 217.362" and ordered Movant's new sentence to

run consecutively with his previously-imposed sentences.

Movant was delivered to the Department of Corrections on April 10, 2012. He

timely filed his *pro se* motion on May 23, 2012. *See* Rule 24.035(b). On May 25, 2012, the

motion court appointed counsel to represent Movant and granted an additional 30 days in

which to file an amended motion. The transcript of the guilty plea and sentence was filed on

---

[2] Unless otherwise noted, all statutory citations are to RSMo 2012.

May 31, 2012, making Movant's amended motion due on Wednesday, August 29, 2012. Rule 24.035(g). Movant's counsel did not file his amended motion until Thursday, August 30, 2012, one day after the deadline. The amended motion alleged that plea counsel was ineffective for failing to adequately communicate with Movant during the pretrial phase of his case and failing to adequately explain the consequences a failure to timely return from his furlough would have on his sentence.

In January 2018, the motion court filed an "**ORDER REQUIRING DEPOSITION OF MOVANT AND ORDER AUTHORIZING DEPOSITIONS OF OTHER WITNESSES**" ("Order"). The motion court's Order stated that "[a] hearing is granted on the [a]mended [m]otion previously filed in this matter." It ordered that Movant's deposition testimony be taken by telephone, and it authorized the parties to take other depositions, including the deposition of plea counsel. While Movant's deposition testimony was never filed with the motion court, plea counsel's deposition testimony was filed on April 2, 2018.

On November 14, 2018, the motion court issued its "judgment" denying Movant's amended motion. The judgment noted that Movant had filed an amended motion, that plea counsel's testimony had been submitted to the court, and it stated that "[f]indings of fact and conclusion[s] of law were not requested by either party."[3]

### Standard of Review

"Appellate review of judgments disposing of Rule 24.035 motions is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous." *Hall v. State*, 528 S.W.3d 360, 361 (Mo. banc 2017); Rule 24.035(k). "Findings and conclusions are clearly erroneous if, after reviewing the entire record, this Court is left with the definite and

---

[3] We pause here to note that Rule 24.035(j) provides that the motion court *shall* provide "findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." The absence of a request by the parties for such findings and conclusions does not abrogate that duty. *See also **Mitchell v. State***, 192 S.W.3d 507, 509-10 (Mo. App. E.D. 2006) (noting that findings of fact and conclusions of law are required in all cases except those presenting any of five narrow exceptions).

firm impression that a mistake has been made." *Barton v. State*, 486 S.W.3d 332, 336 (Mo. banc 2016) (quoting *Eastburn v. State*, 400 S.W.3d 770, 773 (Mo. banc 2013)).

*Milner v. State*, 551 S.W.3d 476, 479 (Mo. banc 2018).

## Analysis

Movant presents three points on appeal, but we address only his second point as it is dispositive of the appeal.  Point 2 claims the motion court erred in failing to conduct an abandonment inquiry, "in that the amended motion was untimely filed, creating a presumption of abandonment on the record, and the motion court was required to hold an abandonment hearing to determine whether abandonment occurred."  We agree.

An amended motion for post-conviction relief must be filed within sixty days of the date both a complete transcript of the guilty plea and sentencing hearing is filed and counsel has been appointed.  Rule 24.035(g).  The motion court may grant only one thirty-day extension, as it did here.  *Milner*, 551 S.W.3d at 479.

Movant's amended motion was not filed until August 30, 2012, one day out of time. The untimely filing raises a presumption of abandonment by appointed counsel, and the motion court was "obligated to conduct an independent inquiry to determine whether [Movant] was actually abandoned."  *Borschnack v. State*, 568 S.W.3d 914, 919 (Mo. App. S.D. 2019) (quoting *Milner*, 551 S.W.3d at 479-80).  *See also Latham v. State*, 554 S.W.3d 397, 404 (Mo. banc 2018).  "The failure to conduct an independent inquiry requires this case to be remanded to the motion court for an independent abandonment inquiry, which is capable of being reviewed by an appellate court."  *Milner*, 551 S.W.3d at 480.  Point 2 is granted.[4]

---

[4] Movant's other points are moot and will not be addressed.

The judgment is reversed, and the matter is remanded for the motion court to determine whether Movant was abandoned by appointed counsel and proceed accordingly.

DON E. BURRELL, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS