

## Missouri Court of Appeals
### Southern District
### Division One

| | | |
|---|---|---|
| MARQUIS D. ROBINSON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. SD36065 |
| | ) | |
| STATE OF MISSOURI, | ) | FILED: January 23, 2020 |
| | ) | |
| Respondent. | ) | |

APPEAL FROM THE CIRCUIT COURT OF PULASKI COUNTY

Honorable Robert D. Schollmeyer, Judge

**REVERSED AND REMANDED WITH INSTRUCTIONS.**

Marquis D. Robinson ("Movant") sought and, following an evidentiary hearing, was

denied post-conviction relief ("PCR") under Rule 29.15.[1]  The record on appeal establishes that a

presumption arose in the motion court proceedings that Movant was abandoned.  Because the

record is not sufficient to show that the motion court conducted an independent inquiry and made

findings susceptible to appellate review on the issue of abandonment, we reverse the judgment

and remand the case to the motion court.

### Factual and Procedural Background

Following a jury trial, Movant was convicted of first-degree robbery, armed criminal

action, and felonious restraint.  He was sentenced as a prior and persistent offender to two thirty-

---

[1] All rule references are to Missouri Court Rules (2012).

1

year imprisonment terms and one ten-year imprisonment term, respectively, all of which were ordered to run concurrently. This Court affirmed that judgment on direct appeal, *see* ***State v. Robinson***, 379 S.W.3d 875 (Mo.App. 2012), by mandate issued on October 11, 2012.

On October 24, 2012, Movant filed a *pro se* Rule 29.15 motion to vacate, set aside, or correct the judgment or sentence ("the initial PCR motion"), which included numerous claims generally alleging instances of ineffective assistance of trial counsel, constitutional violations, juror bias, witness perjury, and prosecutorial and police misconduct. The motion court then issued an order, on November 7, 2012, appointing "a public defender" to represent Movant. On December 3, 2012, assistant public defender Karl Hinkebein ("appointed counsel") entered his appearance on behalf of Movant and filed a request for a thirty-day extension of time in which to file an amended motion to vacate, set aside, or correct the judgment or sentence. The record, however, contains no indication when or if appointed counsel's request for an extension of time was addressed or ruled upon.

Thereafter, on February 6, 2013, appointed counsel filed an amended motion to vacate, set aside, or correct the judgment or sentence ("the amended PCR motion"). The claims contained in the amended PCR motion were limited to allegations of ineffective assistance of trial and appellate counsel.

Following an evidentiary hearing, the motion court issued, on January 14, 2019, its Findings of Fact, Conclusions of Law, Order, and Judgment, denying each of the claims raised in the amended PCR motion.[2] As part of the portion of that judgment reciting the procedural history of the case, the motion court included the following statement: "Movant filed a timely pro se motion pursuant to Rule 29.15. An amended motion was timely filed by appointed

---

[2] The Honorable William Earl Hickle recused on July 6, 2016, and on July 15, 2016, the supreme court assigned the Honorable Robert Schollmeyer to the case.

counsel. In the alternative, if the Court has erroneously found the amended PCR motion timely, then the Court finds that any delay is not attributable to Movant." Movant timely appeals the motion court's judgment.

## Applicable Legal Principles

"This Court reviews an order overruling a Rule 29.15 motion for postconviction relief to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous." *McFadden v. State*, 553 S.W.3d 289, 298 (Mo. banc 2018) (internal quotation marks and citations omitted). "This standard is met if the appellate court is left with a definite and firm impression that a mistake has been made." *Id.* (internal quotation marks and citation omitted.)

Before reaching the merits of any of Movant's claims on appeal, however, we must *sua sponte* address timeliness of the amended PCR motion, even if the issue was not raised by any party. *See Moore v. State*, 458 S.W.3d 822, 826–27 (Mo. banc 2015). "The filing deadlines for post-conviction relief are mandatory, and cannot be waived." *Watson v. State*, 536 S.W.3d 716, 717 (Mo. banc 2016) (internal quotation marks and citation omitted). The motion court and this appellate court each have a duty to enforce the Rule 29.15 mandatory time limits. *Price v. State*, 422 S.W.3d 292, 297 (Mo. banc 2014).

Under Rule 29.15(b), "[i]f an appeal of the judgment or sentence sought to be vacated, set aside or corrected was taken, the [initial PCR] motion shall be filed within 90 days after the date the mandate of the appellate court is issued affirming such judgment or sentence." Under Rule 29.15(g), an amended PCR motion

> [S]hall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant. The

3

court may extend the time for filing the amended [PCR] motion for one additional period not to exceed thirty days.

"'[T]his effective date of appointment of counsel is the date on which the office of the public defender is designated. . . .'" ***Stanley v. State***, 420 S.W.3d 532, 540 (Mo. banc 2014) (quoting ***State v. White***, 813 S.W.2d 862, 864 (Mo. banc 1991)).  If counsel requests an extension of time under Rule 29.15(g), such a request will not be presumed to have been granted without a record thereof.  ***Frazee v. State***, 480 S.W.3d 442, 445 (Mo.App. 2016).

"The untimely filing of an amended motion by post-conviction counsel creates a presumption of abandonment."  ***Watson***, 536 S.W.3d at 719; *see also* ***Sanders v. State***, 807 S.W.2d 493, 494-95 (Mo. banc 1991).  When a presumption of abandonment arises, "the motion court is obligated to conduct an independent inquiry to determine whether the movant was actually abandoned."  ***Milner v. State***, 551 S.W.3d 476, 479-80 (Mo. banc 2018).  When making a required independent inquiry the motion court should

> inquire not only of postconviction counsel, but ensure that movant is informed of counsel's response and given an opportunity to reply.  The method of making this inquiry may be as formal or informal as the motion court deems necessary to resolve the question of abandonment by counsel, including, but not limited to, a written response and opportunity to reply, a telephone conference call, or a hearing.  *However, a sufficient record must be made to demonstrate on appeal that the motion court's determination on the abandonment issue is not clearly erroneous.*

***McDaris v. State***, 843 S.W.2d 369, 371 n.1 (Mo. banc 1992) (emphasis added).  "Upon review of the record, if we determine there has been no independent inquiry into abandonment or no record for us to review such inquiry, then we must reverse and remand for the motion court to conduct this inquiry."  ***Barber v. State***, 569 S.W.3d 556, 559-60 (Mo.App. 2019) (citing ***Moore***, 458 S.W.3d at 826)).

## Discussion

The initial PCR motion was filed thirteen days after the issuance of this Court's mandate,

filed October 11, 2012, affirming Movant's conviction and sentence. The initial PCR motion was, therefore, timely, as it was filed within the ninety-day requirement of Rule 29.15(b).

The motion court appointed the state public defender's office on November 7, 2012, thereby triggering the beginning of the time within which the amended PCR motion could be filed. *See* Rule 29.15(g); ***Stanley***, 420 S.W.3d at 540. No record exists addressing whether appointed counsel's request for a thirty-day extension of time was granted, and we cannot presume that such a grant occurred. *See **Frazee***, 480 S.W.3d at 445. Whether such an extension was granted, however, makes no difference as to the timeliness of the filing of the amended PCR motion. This is so because the sixty days expressly allowed by Rule 29.15(g), plus a thirty-day extension, would mean that an amended PCR motion was due by February 5, 2013. Yet, the PCR amended motion was filed one day later, on February 6, 2013.

The failure to timely file the amended PCR motion gives rise to a presumption of abandonment by appointed counsel. ***Sanders***, 807 S.W.2d at 494-95. The motion court, therefore, was "obligated to conduct an independent inquiry to determine whether the movant was actually abandoned." ***Milner***, 551 S.W.3d at 479-80.

In this case, the only indication in the record of the motion court addressing the issue of abandonment is its entry in the judgment stating that "if the Court has erroneously found the amended PCR motion timely, then the Court finds that any delay is not attributable to Movant." Not only does this entry fail to make an express finding addressing whether appointed counsel abandoned Movant, the motion court further failed to make any record, much less a sufficient record, of the inquiry it conducted, if any, that could allow for meaningful appellate review. *See **McDaris***, 843 S.W.2d at 371 n.1. Without such a record we are unable to undertake our duty, which is separate from and independent of the motion court's duty, to enforce Rule 29.15's

mandatory time limits. *See **Price***, 422 S.W.3d at 297. Reversal and remand are, therefore, required for the development of a sufficient record for appellate review.[3] *See **Milner***, 551 S.W.3d at 480.

## Decision

The motion court's judgment is reversed, and the case is remanded to the motion court with instructions to make an independent inquiry on the abandonment issue, which is capable of being reviewed by an appellate court; to make an abandonment determination based upon the record made of such inquiry; and then to proceed with the case accordingly.

GARY W. LYNCH, J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCURS

WILLIAM W. FRANCIS, JR., J. – CONCURS

---

[3] Remand is not necessary when an initial PCR motion has been incorporated into, and thus adjudicated along with, an amended PCR motion. ***Childers v. State***, 462 S.W.3d 825, 828 (Mo.App. 2015). In such cases, the ***Childers*** court reasoned that an abandonment determination would have no effect on the relief available to the movant on remand because the motion court had already considered all the movant's PCR claims. ***Id.*** Where there are significant differences between the initial PCR motion and the amended PCR motion, however, the ***Childers*** exception is inapplicable. ***Usry v. State***, 504 S.W.3d 815, 817 (Mo.App. 2016). Here, the ***Childers*** exception is not applicable because the initial PCR motion includes several claims that the amended PCR motion did not, nor were the additional claims addressed by the motion court in its judgment. *See **Usry***, 504 S.W.3d at 817; ***Childers***, 462 S.W.3d at 828.