In the Missouri Court of Appeals
 Eastern District
 DIVISION FOUR

SHEILA A. GARCIA, ) No. ED108726
 )
 Appellant, ) Appeal from the Circuit Court
 ) of the City of St. Louis
vs. )
 ) Honorable Steven R. Ohmer
STATE OF MISSOURI, )
 )
 Respondent. ) FILED: February 23, 2021

 Sheila A. Garcia (“Movant”) appeals the motion court’s judgment denying her pro se and

amended Rule 29.151 motions for post-conviction relief without an evidentiary hearing. Movant

contends the motion court clearly erred in finding that appointed counsel did not abandon Movant

pursuant to Sanders v. State, 807 S.W.2d 493 (Mo. banc 1991). Because the record is insufficient

for us to review the motion court’s express finding that Movant was not abandoned by appointed

counsel, we reverse and remand.

 Background

 Movant was convicted, following a jury trial, of unlawful possession of a firearm and

received a sentence of 15 years in the Missouri Department of Corrections. This Court affirmed

Movant’s conviction and sentence on direct appeal in State v. Garcia, 561 S.W.3d 856 (Mo. App.

E.D. 2018), and issued its mandate on December 21, 2018.

1
 All rule references are to the Missouri Supreme Court Rules (2017).
 On May 9, 2017, more than 19 months before this Court issued its mandate, Movant

prematurely filed her pro se Rule 29.15 motion. See Rule 29.15(b); McKay v. State, 520 S.W.3d

782, 787 (Mo. banc 2017) (holding that a premature post-conviction motion should be considered

filed on the date the time for filing arises). The following day, the motion court appointed counsel

to represent Movant. On June 8, 2017, Movant’s counsel filed an entry of appearance and

requested a 30-day extension for the filing of an amended motion, which the motion court granted.

On August 15, 2019, Movant filed an untimely amended motion. That same day, Movant filed a

“Motion for Court to Consider Movant’s Amended Motion as Timely Filed,” which contained an

affidavit from Movant’s counsel stating that Movant was not at fault for the late filing and that

Movant’s counsel was solely responsible in that she “needed additional time to file the motion and

was overburdened by an excessive caseload due to unforeseen office turnover.”

 On November 1, 2019, after an off-the-record hearing with counsel, the motion court made

the following docket entry:

 Parties appear by counsel. Arguments made and Movant’s request for an
 evidentiary hearing denied. Record left open for counsel to submit abandonment
 inquiry affidavit or telephone deposition. Court finds counsel did not abandon
 movant.

 Five days later, on November 6, 2019, the motion court entered its order and judgment.

Although the judgment denied both Movant’s pro se and amended Rule 29.15 motions, it only

addressed the claims made in the untimely amended motion. The judgment did not discuss the

Sanders abandonment argument Movant had raised.

 Movant filed a motion to amend the judgment along with an affidavit she had signed. In

the motion, Movant again requested the motion court to find the untimely filing of the amended

motion was due to abandonment by her appointed counsel. Movant’s affidavit stated the late filing

 2
was caused by her counsel and “was not the fault of Movant.” The motion court did not rule on

the motion to amend the judgment.

 Standard of Review

 “Review of a Rule 29.15 judgment is limited to a determination of whether the motion

court’s findings of fact and conclusions of law are clearly erroneous.” Moore v. State, 328 S.W.3d

700, 702 (Mo. banc 2010). “Findings and conclusions are clearly erroneous if, after reviewing the

entire record, there is a definite and firm impression that a mistake has been made.” Id.

 Discussion

 Movant asserts three points on appeal, but her third point, in which she claims the motion

court clearly erred in finding that her appointed counsel did not abandon her, is dispositive. The

State concedes we must reverse and remand because the record is insufficient for us to determine

whether the motion court clearly erred in determining appointed counsel did not abandon Movant.

 “The untimely filing of an amended motion by post[-]conviction counsel creates a

presumption of abandonment.” Watson v. State, 536 S.W.3d 716, 719 (Mo. banc 2018). “When

appointed counsel fails to file an amended post-conviction motion timely, the motion court is

obligated to conduct an independent inquiry to determine whether the movant was actually

abandoned.” Milner v. State, 551 S.W.3d 476, 479-80 (Mo. banc 2018). “The result of the inquiry

into abandonment determines which motion—the initial motion or the amended motion—the court

should adjudicate.” Moore v. State, 458 S.W.3d 822, 826 (Mo. banc 2015). “If the motion court

determines appointed counsel’s apparent inattention to filing an amended post-conviction motion

stems from the movant’s negligence or intentional failure to act, the movant is entitled to no

additional relief, and the motion court should proceed upon the pro se post-conviction motion.”

Milner, 551 S.W.3d at 480. But if the motion court determines the late filing was due to

 3
abandonment by appointed counsel, “the court is directed to permit the untimely filing” and should

consider the merits of the amended motion. Moore, 458 S.W.3d at 826.

 “To adequately review the issue of abandonment of counsel, the record must be clear

enough for the appellate court to decide whether or not the motion court’s finding with respect to

abandonment was clearly erroneous.” Johnson v. State, 612 S.W.3d 256, 259 (Mo. App. E.D.

2020). As the Supreme Court of Missouri explained in McDaris v. State, 843 S.W.2d 369, 371

n.1 (Mo. banc 1992), “[t]he method of making this inquiry may be as formal or informal as the

motion court deems necessary to resolve the question of abandonment by counsel, including, but

not limited to, a written response and opportunity to reply, a telephone conference call, or a

hearing.” But “a sufficient record must be made to demonstrate on appeal that the motion court’s

determination on the abandonment issue is not clearly erroneous.” Id. Although the list of methods

of inquiry discussed in McDaris is not exhaustive, “the motion court must make a sufficient record

of its inquiry.” Johnson, 612 S.W.3d at 259.

 “Upon review of the record, if we determine the motion court failed to make an independent

inquiry or there is no record for us to review such inquiry, then we must reverse and remand for

the motion court to conduct this inquiry.” Johnson v. State, 613 S.W.3d 512, 515 (Mo. App. E.D.

2020); see also Borschnack v. State, 568 S.W.3d 914, 919 (Mo. App. S.D. 2019) (reversing and

remanding to permit “the development of a sufficient record” for appellate review of the motion

court’s inquiry and determination of abandonment).

 Here, the record is insufficient for us to determine whether the motion court clearly erred

in finding Movant was not abandoned by her counsel. There is no record of the abandonment

inquiry, and the motion court’s only resulting finding was simply a docket entry stating that

“counsel did not abandon Movant.” The untimely filing of the amended motion created a

 4
presumption of abandonment, see Watson, 536 S.W.3d at 719, and the only evidence in the record

from both Movant’s counsel and Movant herself was that the untimely filing was entirely the fault

of counsel. The motion court did not indicate in its docket entry that it did not believe that evidence

and it did not make a specific finding that Movant’s negligence or intentional failure to act caused

the untimely filing of the amended motion. Additionally, rather than adjudicating the claims in

the timely filed pro se motion, as it should have done upon finding there was no abandonment, the

motion court instead addressed only the claims made in the untimely filed amended motion. See

Milner, 551 S.W.3d at 480.

 Conclusion

 The record is insufficient for us to determine whether the motion court’s finding that

Movant was not abandoned was clearly erroneous. See Johnson, 612 S.W.3d at 260. We reverse

and remand to the motion court with instructions to make an independent inquiry on the

abandonment issue capable of being reviewed by an appellate court, to make an abandonment

determination based on the record made of such inquiry, and then to proceed with the case

accordingly.

 _______________________________
 MICHAEL E. GARDNER, Judge

Gary M. Gaertner, Jr., P.J., concurs.
Philip M. Hess, J., concurs.

 5