

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

LAYETTE C. WILLIAMS,            )        No. ED109960

                      Appellant,       )        Appeal from the Circuit Court
                                        )        of St. Louis County

vs.                                      )
                                     )        Honorable William M. Corrigan, Jr.

STATE OF MISSOURI,          )
                                     )
                    Respondent.      )        FILED: June 7, 2022

### Introduction

Layette Williams ("Williams") appeals from the trial court's judgment following a bench trial convicting him on one count of criminal nonsupport for unpaid child support. In his sole point on appeal, Williams argues the motion court clearly erred in denying his Rule 29.15[1] amended motion without an evidentiary hearing because trial counsel provided ineffective assistance with respect to a condition of his probation. Specifically, Williams alleges the trial court ordered that he pay a portion of his Supplemental Security Income ("SSI") benefits as a condition of probation. Williams maintains trial counsel should have objected to this condition on the grounds that federal law prohibits attachment of SSI benefits to judgments. However, Williams's claim that he received ineffective assistance of trial counsel with regard to a condition of his probation is not cognizable in a Rule 29.15 proceeding. For that reason, the

---

[1] All Rule references are to Mo. R. Crim. P. (2018), unless otherwise noted.

motion court did not err in denying his claim without an evidentiary hearing, and we affirm the motion court's judgment.

Factual and Procedural History

In the underlying case, the State charged Williams with one count of nonsupport, alleging he knowingly failed to provide adequate support for his child, L.W., for whom he was legally obligated to make child-support payments. Previously, the circuit court had entered judgment ordering Williams to pay child support to L.W.'s mother ("Mother") in the amount of $285 per month beginning on March 15, 2011. In its complaint, the State alleged Williams failed to make any child-support payments from March 2011 to February 2014.

The case proceeded to a bench trial on April 11, 2018. The State adduced evidence showing that Williams was capable of working during the charged period yet failed to make child-support payments. Williams admitted that he did not pay the child support owed during the period charged but testified he had good cause for non-payment. Williams explained that although he trained as a barber and cut hair during and after the period of nonpayment, he was physically unable to perform any job during the charged period because of disabilities from prior injuries. Williams testified he had sustained debilitating right shoulder and right knee injuries in 1999 and 2000 and since then had been unable to engage in any substantial gainful activity. In 2012, he filed for disability, and in 2017, the Social Security Administration ("SSA") determined that Williams was entitled to receive disability benefits in the amount of $750 per month retroactive to June 16, 2015. On cross-examination, Williams admitted he had no documentation supporting his claim that he was physically unable to work during the charged period or presently. Williams testified that he made no attempt to seek gainful employment during the charged period but acknowledged he provided financial support for his children other than L.W.

2

between 2005 and 2015. Mother testified at trial that Williams said he never intended to pay child support for L.W.

Regarding Williams's present ability to pay, Williams testified that at the time of trial he paid approximately $680 of his monthly $750 SSI benefits towards rent and bills. Williams testified that other persons in his life paid for his gym membership and other activities, and that everything he had went to his children, with the exception of small dollar amounts he occasionally spent at restaurants. The State adduced evidence from Williams and Mother that he was working as a barber and receiving income in addition to his SSI benefits.

The trial court issued its judgment finding Williams guilty of felony nonsupport. The trial court determined that Williams's testimony was insufficient evidence of good cause not to pay child support during the charged period. The trial court noted that the SSA found Williams to be disabled only since June 16, 2015, one year *after* the charged period, and that the evidence otherwise showed Williams could have used his prior work experience to find employment and pay child support during the charged period.

After rendering a guilty verdict, the trial court held a sentencing hearing. The trial court sentenced Williams to three years in jail but suspended execution of sentence and placed Williams on five years of probation. The trial court ordered Williams to pay $150 in child support as a condition of his probation. At the sentencing hearing, the trial court explained that there would be "a sentence form ordering [Williams] to pay the flat sum of $150 per month in child support representing [twenty] percent of [Williams's] monthly SSI payment." Williams asked the trial court the basis for the amount, and the trial court responded that it "elected to do [twenty] percent because I think you can do it." The supplemental portion of the sentencing form does not indicate that the child-support payments reflect a percentage of Williams's SSI

3

benefits, but notes that "[Williams] receives SSI—amount over State's objection."  Trial counsel did not raise an objection at sentencing.

Williams moved pro se for post-conviction relief, arguing in part that the term of probation obligating payment was improper because his only source of income was SSI benefits. Post-conviction counsel determined that Williams first intended to pursue a direct appeal of his conviction and sentence.  The motion court held the pro se motion in abeyance pending the outcome of his direct appeal.

Meanwhile, the State moved to discharge Williams's probation.  Consequently, the trial court ordered Williams released from probation on September 3, 2019.

We affirmed Williams's conviction and sentence on direct appeal, finding the trial court did not err in determining that Williams failed to show good cause for his failure to provide adequate support for his son with the total arrearage in excess of twelve months.  State v. Williams, 590 S.W.3d 906 (Mo. App. E.D. 2020).

Subsequently, Williams filed his amended motion for post-conviction relief, claiming that trial counsel was ineffective for failing to object to his prosecution and sentencing for criminal nonsupport because federal law prohibits the attachment of SSI benefits.  The amended motion further alleged that had trial counsel objected, there was a reasonable probability that the State would have dropped the charges or the trial court would have granted trial counsel's motion for a judgment of acquittal or reduced the amount of payment imposed as a condition of probation. The motion court denied the amended motion without an evidentiary hearing.  The motion court acknowledged Williams's claim that federal law prohibits the levying, attachment, or garnishment of SSI benefits, however, it found that U.S. Code Section 407 does not preclude criminal prosecution, nor did the judgment and sentence impermissibly order that Williams's SSI

4

benefits be garnished, levied, or attached. Rather, the motion court found that the testimony presented at trial showed Williams was working and receiving income in addition to his SSI, and thus he could work and pay the amount ordered. Finally, the motion court concluded that Williams failed to allege prejudice because his probation had been discharged by the court, relieving him of the conditional payment obligation he was contesting. Williams now appeals.

## Point on Appeal

In his sole point on appeal, Williams maintains trial counsel was ineffective for failing to object to his prosecution and sentencing for criminal nonsupport because the trial court's order for Williams to make child-support payments of $150 per month as a condition of his probation, representing twenty percent of his monthly SSI, violated federal law prohibiting attachment of SSI benefits.

## Standard of Review

"Appellate review of the [motion] court's action on the motion filed under this Rule 29.15 shall be limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous." Rule 29.15(k). "A judgment is clearly erroneous when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made." Davis v. State, 486 S.W.3d 898, 905 (Mo. banc 2016) (internal quotation omitted). We presume the motion court's findings of fact and conclusions of law are correct and defer to the motion court's determinations of witness credibility. Id. (internal citation omitted). Additionally, a movant is not entitled to an evidentiary hearing when "the files and records of the case conclusively show that the movant is entitled to no relief." Rule 29.15(h).

## Discussion

The State first suggests Williams's failure to raise a claim that is cognizable in a Rule 29.15 motion for post-conviction relief requires us to deny his appeal. In particular, the basis of

5

Williams's appeal is the $150 obligation set forth as a condition of his probation, which has since been discharged.

The State correctly notes that "probation 'is not a sentence nor could the conditions of probation be a sentence.'" Bearden v. State, 530 S.W.3d 504, 507 (Mo. banc 2017) (internal quotation omitted); see also State v. Williams, 871 S.W.2d 450, 452 (Mo. banc 1994) (internal citation omitted) ("Probation is not part of the sentence."). Rather, "probation reduces the impact of a sentence and 'operates independently of the criminal sentence.'" Bearden, 530 S.W.3d at 504 (internal quotation omitted) (finding a defendant had no right to proceed under Rule 24.035 following a probation revocation hearing because the sentence became final—and the mandatory 24.035 deadline began to run—when he was originally sentenced and placed on probation); Williams, 871 S.W.2d at 451 (finding a defendant had no right to appeal the trial court's decision to grant or deny probation nor the terms and conditions of an order of probation). Rule 29.15(a) provides:

> A person convicted of a felony after trial claiming that the ***conviction or sentence*** imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 29.15. This Rule 29.15 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated.

(Emphasis added). Because a condition of probation is neither a conviction nor a sentence, a claim that trial counsel was ineffective for failing to challenge a condition of probation is not cognizable in a post-conviction relief proceeding under Rule 29.15. See id.; Bearden, 530 S.W.3d at 504. Only if a movant challenges the underlying sentence and conviction rather than a term of probation is the claim properly reviewed in a post-conviction proceeding under Rule 24.035 following a guilty plea or Rule 29.15 following trial. See State v. Johnson, 605 S.W.3d

119, 123 (Mo. App. E.D. 2020) (internal citations omitted) ("[C]laims . . . challenging a probation order or an order revoking probation are not cognizable in a Rule 24.035 motion."); Trams v. State, 555 S.W.3d 480, 482 (Mo. App. E.D. 2018) (internal quotation omitted) ("An attack on a probation ruling does not constitute a challenge to a sentence and is, therefore, beyond the scope of a Rule 24.035 proceeding."); cf. Milligan v. State, 781 S.W.2d 267, 268 (Mo. App. S.D. 1989) (noting relatedly that "claims for credit for time served while on probation or parole are not subject to relief in Rule 24.035 or Rule 29.15 proceedings, as such claims do not refer to defects in trial proceedings of a constitutional nature that would be cognizable in post-conviction proceedings"). "[T]he limitations to relief under Rule 29.15 are consistent with the purpose of the rule, which is to serve as an effective and efficient substitute for the writ of habeas corpus[.]" Dougan v. State, 118 S.W.3d 593, 596 (Mo. banc 2003) (Limbaugh, Jr., J., dissenting) (majority opinion holding that a movant may bring a Rule 29.15 claim despite not having been incarcerated or delivered into custody at prison).

Here, Williams challenges the $150 monthly payment obligation that was imposed as a condition of his probation. Because the basis of his claim of ineffective assistance is the validity of a condition of his probation, his claim is not cognizable in a Rule 29.15 proceeding. Instead, "[t]he proper manner in which to challenge the conditions of probation . . . is to seek an extraordinary writ." Johnson, 605 S.W.3d at 123 (citing State ex rel. Poucher v. Vincent, 258 S.W.3d 62, 64 (Mo. banc 2008)); Williams, 871 S.W.2d at 452 n.2 (noting a defendant "has other remedies [than an appeal] available to correct unlawful conditions of probation"). Williams's claim is therefore unreviewable in a Rule 29.15 proceeding.

Williams's claim that trial counsel should have addressed the validity of a term of his probation at sentencing is not cognizable in a post-conviction relief proceeding under Rule

7

29.15. Therefore, the motion court did not clearly err in denying Williams's Rule 29.15 amended motion without an evidentiary hearing. See Rule 29.15(k). The point on appeal is denied.

Conclusion

The judgment of the motion court is affirmed.

_____
KURT S. ODENWALD, Presiding Judge

Kelly C. Broniec, J., concurs.
John P. Torbitzky, J., concurs.