

# In the Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| TARIQUE SHELTON, | ) | |
| Appellant, | ) | WD85013 |
| v. | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | FILED: December 27, 2022 |
| Respondent. | ) | |

## APPEAL FROM THE CIRCUIT COURT OF CALLAWAY COUNTY
### THE HONORABLE KEVIN CRANE, JUDGE

### BEFORE DIVISION THREE: CYNTHIA L. MARTIN, PRESIDING JUDGE, LISA WHITE HARDWICK, AND W. DOUGLAS THOMSON, JUDGES

Tarique Shelton appeals the denial of his amended Rule 24.035 motion after he pled guilty to first-degree robbery. He contends the motion court clearly erred in denying his amended motion because plea counsel was ineffective for failing to investigate and prepare a defense. Because Shelton's amended motion was untimely filed and the motion court did not conduct an abandonment inquiry, we reverse the judgment and remand the case to the motion court to conduct such an inquiry.

### FACTUAL AND PROCEDURAL HISTORY

The State charged Shelton with first-degree robbery and armed criminal action. Shelton agreed to plead guilty to first-degree robbery in exchange for the

State's dismissal of the armed criminal action charge and recommendation for a 10-year sentence. The court accepted Shelton's guilty plea and sentenced him to 10 years in prison.

In December 2020, Shelton timely filed a *pro se* Rule 24.035 motion asserting three claims: (1) plea counsel was ineffective for failing to secure the same plea agreement as his co-defendant; (2) plea counsel did not explore that the victim could not identify him as a suspect and the victim made "six depositions that differed from the others"; and (3) plea counsel was negligent for telling him and his family "the trial would not be fair."

On December 16, 2020, the motion court appointed a public defender to represent Shelton in the post-conviction proceedings. The transcript of Shelton's guilty plea and sentencing hearing was filed on February 26, 2021. On April 30, 2021, appointed counsel filed Shelton's amended Rule 24.035 motion asserting one claim: that plea counsel was ineffective for failing to investigate and prepare a defense to the charges, rendering Shelton's guilty plea involuntary and unknowing.

The motion court denied Shelton's amended motion after an evidentiary hearing. In its judgment, the motion court found Shelton failed to provide any credible evidence to support his claim in his amended motion. Shelton appeals.

### STANDARD OF REVIEW

We review the denial of a post-conviction motion for clear error. Rule 24.035(k). The motion court's findings and conclusions are clearly erroneous only

2

if a review of the entire record leaves us with a definite and firm impression that a mistake was made. *Dobbins v. State*, 187 S.W.3d 865, 866 (Mo. banc 2006).

## TIMELINESS OF AMENDED MOTION

Before addressing the merits of an appeal from the denial of a post-conviction motion, we must first examine whether the motion was timely filed. *Bearden v. State*, 530 S.W.3d 504, 506 (Mo. banc 2017). Amended motions for post-conviction relief must be filed within 60 days of the earlier of the date both a "complete transcript," which consists of the guilty plea and sentencing hearing, has been filed and counsel is appointed. Rule 24.035(g). "Rule 24.035(g) filing deadlines are mandatory," and "circuit and appellate courts have a duty to enforce the mandatory time limits." *Bearden*, 530 S.W.3d at 506 (quoting *Price v. State*, 422 S.W.3d 292, 297 (Mo. banc 2014) (internal quotation marks omitted)).

Appointed counsel's failure to timely file an amended motion creates a presumption of abandonment triggering the motion court's obligation to conduct an independent inquiry into abandonment. *Milner v. State*, 551 S.W.3d 476, 480 (Mo. banc 2018). The purpose of the abandonment inquiry is to determine which motion to adjudicate. *Id*. If the motion court determines the untimely filing of the amended motion "stems from the movant's negligence or intentional failure to act," then the court should proceed only on the *pro se* motion. *Id*. If, however, the motion court "determines the movant did not act negligently or did not intentionally fail to act, the motion court should permit the untimely filing" and proceed on the amended motion. *Id*. When counsel fails to file a timely amended

3

motion, we must remand the case to the motion court for inquiry into the post-conviction movant's abandonment by appointed counsel. *Bearden*, 530 S.W.3d at 506.

In this case, counsel was appointed on December 16, 2020, and the transcript of the guilty plea and sentencing hearing was filed on February 26, 2021. Shelton's amended Rule 24.035 motion was due on April 27, 2021, but it was not filed until April 30, 2021. There is no indication that the motion court extended the time for filing the amended motion, and "we do not presume the motion court granted an extension of time without a record of the extension." *Earl v. State*, 628 S.W.3d 695, 699 (Mo. App. 2021). Appointed counsel's failure to file a timely amended motion created a presumption of abandonment that triggered the motion court's obligation to conduct an independent inquiry into whether Shelton was abandoned. The motion court did not do so. Therefore, we must remand the case to the motion court to conduct the abandonment inquiry to determine which motion the court should adjudicate. *Milner*, 551 S.W.3d at 480.

### CONCLUSION

The judgment is reversed, and the case is remanded with instructions for the motion court to make an independent inquiry to determine whether Shelton was abandoned by appointed counsel's failure to file a timely amended motion.

_____
LISA WHITE HARDWICK, JUDGE

ALL CONCUR.

4