Paul **GITTEMEIER**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. SC 95953

Supreme Court of Missouri,
en banc.

Opinion issued September 12, 2017

Gittemeier was represented by Richard H. Sindel and Dominic R. Cicerelli of Sindel, Sindel & Noble PC in Clayton, (314) 721-6040.

The state was represented by Evan J. Buchheim of the attorney general's office in Jefferson City, (573) 751-3321.

Patricia Breckenridge, judge

Paul Gittemeier appeals the judgment overruling his amended Rule 29.15 motion for postconviction relief on the merits. Before considering the merits of a postconviction motion, however, this Court has a duty to determine whether the postconviction motion was timely filed. Mr. Gittemeier's retained counsel untimely filed the amended motion on Mr. Gittemeier's behalf. Although Mr. Gittemeier asserts the untimely filing must be excused because his retained counsel abandoned him, the abandonment doctrine does not apply to retained counsel. Rather, the abandonment doctrine originated as a means of ensuring appointed counsel complies with Rule 29.15. Because the abandonment doctrine does not excuse retained counsel's untimely filing, all claims raised in the amended motion were waived.

The motion court, therefore, should have adjudicated only the claim raised in Mr. Gittemeier's timely *pro se* motion for postconviction relief, not those raised in the untimely amended motion. Nevertheless, the motion court did not clearly err in overruling Mr. Gittemeier's motion for postconviction relief. The ineffective assistance of counsel claim raised in Mr. Gittemeier's *pro se* motion is identical to a claim raised in his amended motion. Mr. Gittemeier failed to prove that claim by a

preponderance of the evidence at the evidentiary hearing. Consequently, the judgment of the motion court is affirmed.

## Factual and Procedural Background

In 2012, Mr. Gittemeier was charged and convicted of one count of felony driving while intoxicated, section 577.010,[1] and one count of misdemeanor trespass in the first degree, section 569.140. The charges arose after Mr. Gittemeier rode his all-terrain vehicle (ATV) on his neighbor's lawn while intoxicated. The trial court sentenced Mr. Gittemeier as a chronic offender to concurrent sentences of 15 years in the department of corrections for driving while intoxicated and 90 days in the county jail for trespassing. His convictions were affirmed on direct appeal. *State v. Gittemeier*, 400 S.W.3d 838, 846 (Mo. App. 2013).

On October 15, 2013, Mr. Gittemeier timely filed his *pro se* Rule 29.15 motion for postconviction relief. In his *pro se* motion, Mr. Gittemeier alleged his trial counsel was ineffective for failing to challenge whether an ATV is a motor vehicle for purposes of driving while intoxicated under section 577.010.

On October 17, 2013, the motion court appointed postconviction counsel. Appointed counsel requested a 30-day extension to file an amended motion, which the motion court sustained. The amended motion was due January 15, 2014.

On January 7, 2014, eight days before the amended motion was due, Mr. Gittemeier's appointed counsel filed a motion to withdraw and rescind appointment of counsel.[2] The following day, privately retained counsel filed an entry of appearance

and a motion for extension of time to file an amended motion. The motion court entered an order sustaining appointed counsel's motion to withdraw, rescinding the appointment of counsel, and sustaining retained counsel's request for an additional 60 days to file an amended motion. Pursuant to the motion court's order, retained counsel had until March 16, 2014, to file the amended motion.

On March 14, 2014, retained counsel filed an amended Rule 29.15 motion alleging 22 claims of ineffective assistance of counsel and one claim of prosecutorial misconduct. One of the ineffective assistance claims mirrored Mr. Gittemeier's *pro se* claim that trial counsel was ineffective for failing to challenge whether an ATV is a motor vehicle for purposes of driving while intoxicated under section 577.010. Following an evidentiary hearing, the motion court overruled the amended motion for postconviction relief. Mr. Gittemeier appealed. After opinion, the court of appeals transferred the case to this Court pursuant to Rule 83.02.

## Standard of Review

This Court reviews an order overruling a Rule 29.15 motion for postconviction relief to determine "whether the motion court's findings of facts and conclusions of law are clearly erroneous." *Price v. State*, 422 S.W.3d 292, 294 (Mo. banc 2014) (internal quotation omitted). "Findings and conclusions are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm

1. All statutory citations are to RSMo 2000 unless otherwise noted.

2. In his motion, appointed counsel alleged Mr. Gittemeier failed to return the required application for public defender services; therefore, appointed counsel was unable to

determine Mr. Gittemeier's eligibility for representation under the public defender guidelines. The motion further alleged Mr. Gittemeier, or someone on his behalf, had retained private counsel to represent Mr. Gittemeier.

impression that a mistake has been made."
*Id.* (internal quotation omitted).

### Retained Counsel Untimely Filed the Amended Motion

 The state asserts the motion court erred by considering Mr. Gittemeier's amended Rule 29.15 motion on the merits because it was untimely filed. At the time Mr. Gittemeier filed his motion for postconviction relief, a movant who had directly appealed his or her conviction was required to file an amended motion for postconviction relief

> within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.

Rule 29.15(g) (2013). The motion court could extend "the time for filing the amended motion for one additional period not to exceed thirty days." Rule 29.15(g) (2013).

Here, the mandate issued in Mr. Gittemeier's direct appeal July 18, 2013, and the motion court appointed counsel on October 17, 2013. Appointed counsel requested and received an additional 30 days to file an amended motion. The amended motion, therefore, was due January 15, 2014. Mr. Gittemeier's retained counsel, however, did not file the amended motion until March 14, 2014.

 The fact the motion court improperly sustained retained counsel's motion for an extra 60-day extension to file the amended motion did not make the amended motion timely. Rule 29.15(g)'s time limits for filing an amended motion are mandatory and cannot be extended by the motion court. *Stanley v. State*, 420 S.W.3d 532, 540-41 (Mo. banc 2014). Nor did retained counsel's entry of appearance affect when Mr. Gittemeier's amended motion was due. This Court has held the withdrawal of counsel and appearance of a new attorney on the movant's behalf does not affect the time limitations for filing an amended motion. *Id.* at 541. Rather, the "earlier of the date of first appointment or entry of appearance continues to control the time limit for filing an amended motion." *Id.* Consequently, the amended motion was untimely.

### The Abandonment Doctrine and Retained Counsel

Mr. Gittemeier acknowledges his amended motion was untimely; nevertheless, he asserts the untimely filing must be excused because his retained counsel abandoned him. The state contends the abandonment doctrine does not aid Mr. Gittemeier because it is available only when appointed counsel fails to act. This Court has never expressly addressed whether retained counsel can abandon a movant by failing to timely file an amended motion for postconviction relief. The origins of the abandonment doctrine, however, reflect that the doctrine applies only to appointed counsel.

This Court adopted the abandonment doctrine in *Luleff v. State*, 807 S.W.2d 495, 497-98 (Mo. banc 1991). In *Luleff*, the movant filed a timely *pro se* motion and counsel was appointed. *Id.* at 496. Appointed counsel took no action on the movant's behalf, and the motion court subsequently overruled the movant's *pro se* motion. *Id.* at 497. On appeal, the movant claimed the motion court erred in overruling his motion because appointed counsel failed to act on his behalf pursuant to Rule 29.15(e). *Id.* The Court recognized that claims of ineffective assistance of postconviction counsel are not cognizable in Missouri. *Id.* But it found this Court's limited review of Rule

29.15 proceedings is premised on the "assumption that the motion court and appointed counsel will comply with all provisions of the rule." *Id.* at 498. "Absent some performance by appointed counsel, the motion court cannot determine whether the *pro se* pleading can be made legally sufficient by amendment or whether there are other grounds for relief known to movant but not included in the *pro se* motion." *Id.* Therefore, a presumption of abandonment arises when the record does not indicate "appointed counsel made the determinations required by Rule 29.15(e)." *Id.* (emphasis omitted).

This Court further expounded on the abandonment doctrine in *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991). In *Sanders*, the movant asserted he had been abandoned because appointed postconviction counsel failed to file a timely amended motion. *Id.* at 494. This Court explained that, in *Luleff*, the movant had a claim of abandonment because it appeared on the face of the record that movant was "deprived of a meaningful review of his claims" in that appointed counsel took no action whatsoever on the movant's behalf in violation of Rule 29.15(e). *Id.* This Court then reasoned the failure to timely file an amended motion constitutes another form of abandonment because the considerations underlying its decision in *Luleff* were equally applicable "where the record reflects that counsel determined that there is a sound basis for amending the *pro se* motion but fails timely to file the amended motion." *Id.* at 494-95.

■ Prior to *Luleff* and *Sanders*, this Court took the stance "that postconviction proceedings may not under any circumstances be used to challenge the effectiveness of postconviction counsel." *Sanders*, 807 S.W.2d at 494. That stance arises from the fact that there is no constitutional right to appointment of competent counsel

in postconviction relief proceedings. *Barton v. State*, 486 S.W.3d 332, 336 (Mo. banc 2016). In adopting the abandonment doctrine, this Court altered its traditional stance and "recognized that the failure to file an amended motion . . . is not merely a claim of ineffective assistance of counsel. Rather, in such a case it is as if counsel had not been appointed at all, for counsel has abandoned his or her client." *Id.* at 337 (internal citation omitted). The abandonment doctrine, therefore, originated as a means of ensuring that appointed counsel complied with the provisions of Rule 29.15.

As this Court explained in *Price*, "the rationale behind the creation of the abandonment doctrine in *Luleff* and *Sanders* was not a newfound willingness to police the performance of postconviction counsel generally." 422 S.W.3d at 298. Rather, the abandonment doctrine arose out of the need to balance two important policies: "the Court's decision to provide counsel for all indigent inmates and the Court's steadfast refusal to acknowledge claims based on the ineffectiveness of post-conviction counsel." *Id.* at 297. The abandonment doctrine "was not a wholesale repudiation" of the Court's prior practice of refusing to recognize claims of ineffective assistance of postconviction counsel. *Id.* at 298. "Instead, the Court adopted an exception purposefully limited both in its rationale (i.e., to enforce the requirements and ensure the benefits of Rule 29.15(e)) and in its application (i.e., to amended motions filed by appointed counsel)." *Id.* The abandonment doctrine, therefore, "was created to excuse the untimely filing of amended motions by appointed counsel under Rule 29.15(e)." *Id.* at 297 (emphasis omitted).

Mr. Gittemeier acknowledges this Court's opinion in *Price* but asserts it is merely dicta because *Price* addressed only retained counsel's failure to file an initial Rule 29.15 motion, not an amended motion.

Even if the discussion in *Price* was not essential to the resolution of the case, it nevertheless explains the origins and purpose of the abandonment doctrine. The abandonment doctrine was created to serve a limited purpose, and that limited purpose cannot be ignored in determining whether the abandonment doctrine extends to the conduct of retained counsel.

Mr. Gittemeier counters that the abandonment doctrine must apply to retained counsel because of the plain language of Rule 29.15(e), which provides:

> **Pro Se Motion—Appointment of Counsel—Amended Motion, Required When.** When an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant. Counsel shall ascertain whether sufficient facts supporting the claims are asserted in the motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all claims known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and claims. If counsel determines that no amended motion shall be filed, counsel shall file a statement setting out facts demonstrating what actions were taken to ensure that (1) all facts supporting the claims are asserted in the pro se motion and (2) all claims known to the movant are alleged in the pro se motion. The statement shall be presented to the movant prior to filing. The movant may file a reply to the statement not later than ten days after the statement is filed.

Mr. Gittemeier contends that, although the first portion of Rule 29.15(e) addresses the appointment of counsel for indigent movants, the remaining portion of Rule 29.15(e) refers only to "counsel," which must be interpreted to include both retained and appointed counsel. He claims retained counsel, therefore, has the same duties and obligations as appointed counsel under Rule 29.15(e), and a movant is thereby equally abandoned when his or her retained counsel fails to file an amended motion.

But this Court has stated "Rule 29.15(e) deals only with appointed counsel and amended motions." *Price*, 422 S.W.3d at 303. Furthermore, Mr. Gittemeier's argument again ignores that the abandonment doctrine arose out of the need to balance "the Court's decision to provide counsel for all indigent inmates and the Court's steadfast refusal to acknowledge claims based on the ineffectiveness of post-conviction counsel." *Id.* at 297. Therefore, even if Rule 29.15(e) could be interpreted to apply to retained counsel, it still does not comport with the rationale behind this Court's adoption of the abandonment doctrine.[3]

Mr. Gittemeier also asserts that limiting the abandonment doctrine to appointed counsel violates the open courts provision. Article I, section 14, of the Missouri Constitution provides "the courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character, and that right and justice shall be administered without sale, denial or delay." An open courts violation occurs when: "(1) a party has a recognized cause of action; (2) that

---

**3.** Mr. Gittemeier further asserts that application of the abandonment doctrine to privately retained counsel would be consistent with other jurisdictions. *See People v. Cotto*, 402 Ill.Dec. 50, 51 N.E.3d 802 (2016); *Frazier v. State*, 303 S.W.3d 674 (Tenn. 2010); *Steele v.*

*Kehoe*, 747 So.2d 931 (Fla. 1999). The cases on which Mr. Gittemeier relies, however, are premised on each state's individual postconviction statutes and principles that are significantly different from Missouri's own postconviction rules and procedures.

the cause of action is being restricted; and (3) the restriction is arbitrary or unreasonable." *Snodgras v. Martin & Bayley, Inc.*, 204 S.W.3d 638, 640 (Mo. banc 2006). "[T]he right of access to the courts set out in the open courts provision of the Missouri Constitution means simply the right to pursue in the courts the causes of action the substantive law recognizes." *Dieser v. St. Anthony's Med. Ctr.*, 498 S.W.3d 419, 433 (Mo. banc 2016) (alteration in original) (internal quotation omitted).

Finding the abandonment doctrine applies only to appointed counsel does not deny Mr. Gittemeier access to Missouri courts. Rather, Mr. Gittemeier was able to file and pursue postconviction relief pursuant to Rule 29.15 in a Missouri court. The fact that Mr. Gittemeier cannot claim his privately retained counsel abandoned him during those postconviction relief proceedings does not arbitrarily or unreasonably restrict his cause of action. It follows that restricting the abandonment doctrine to appointed counsel does not violate the open courts provisions of the Missouri Constitution.

Accordingly, in light of the abandonment doctrine's origins and the limited purpose it was created to serve, the doctrine applies only to situations involving appointed postconviction counsel.[4] Therefore, the abandonment doctrine does not apply in this case and cannot excuse retained counsel's untimely amended motion.

### Mr. Gittemeier's *Pro Se* Claim

Because Mr. Gittemeier does not have a cognizable claim for abandonment,

the claims in the untimely amended motion are waived. *Stanley*, 420 S.W.3d at 543. Only the claim in Mr. Gittemeier's *pro se* motion for postconviction relief should have been adjudicated on the merits.

In his *pro se* motion, Mr. Gittemeier alleged only that his trial counsel was ineffective for failing to challenge whether an ATV is a motor vehicle for purposes of driving while intoxicated under section 577.010. This exact claim was raised in Mr. Gittemeier's untimely amended motion and was rejected by the motion court because Mr. Gittemeier failed to present any evidence to support the claim.

Allegations in a postconviction motion are not self-proving; rather, a movant bears the burden to prove his claim of ineffective assistance by a preponderance of the evidence. *State v. Silvey*, 894 S.W.2d 662, 671 (Mo. banc 1995), *overruled on other grounds by State v. Porter*, 439 S.W.3d 208 (Mo. banc 2014). "Failure to present evidence at a hearing in support of factual claims in a post-conviction motion constitutes abandonment of that claim." *State v. Nunley*, 980 S.W.2d 290, 293 (Mo. banc 1998).

At the evidentiary hearing, Mr. Gittemeier did not question trial counsel as to why he failed to challenge whether an ATV is a motor vehicle for purposes of section 577.010. Rather, when questioned by counsel at the evidentiary hearing, Mr. Gittemeier acknowledged the issue had not been "touched on" at the hearing and said he

---

4. Mr. Gittemeier as well as *amici curiae* the Missouri Association of Criminal Defense Lawyers, the Missouri Society for Criminal Justice, and the American Civil Liberties Union of Missouri Foundation assert that holding the abandonment doctrine applies only to appointed counsel will unnecessarily burden an already overburdened state public defender system. While this Court has previously

recognized the growing caseload of public defenders, *see State ex rel. Mo. Pub. Defender Comm'n v. Pratte*, 298 S.W.3d 870, 877-78 (Mo. banc 2009), what, if any, effect the abandonment doctrine might have on the caseload of public defenders is speculative and does not negate the origins and the purpose of the doctrine.

had discussed with counsel, at length, whether the issue had merit. Mr. Gittemeier, therefore, had an opportunity to adjudicate his *pro se* claim before the motion court but chose to abandon it.

It follows that Mr. Gittemeier failed to prove, by a preponderance of the evidence, that trial counsel was ineffective for failing to challenge whether an ATV is a motor vehicle for purposes of section 577.010. The motion court did not clearly err in overruling Mr. Gittemeier's motion for postconviction relief.

### Conclusion

Mr. Gittemeier's amended Rule 29.15 motion was untimely filed, but, because the abandonment doctrine does not apply to retained counsel, this Court need not remand this case for an abandonment inquiry. The ineffective assistance of counsel claim raised in Mr. Gittemeier's timely filed *pro se* motion is without merit. The judgment of the motion court overruling Mr. Gittemeier's motion for postconviction relief is affirmed.

Fischer, C.J., Draper, Wilson, Russell and Stith, JJ., concur.

Powell, J., not participating.