PER CURIAM.
*447 Jamie Bell timely filed a pro se Rule 29.15 motion and counsel was appointed. Bell then retained different counsel who filed an untimely amended motion. Before either motion was ruled, our Supreme Court handed down Gittemeier v. State , 527 S.W.3d 64 (Mo. banc 2017), which declined to extend the abandonment doctrine to excuse an untimely amended motion by retained counsel. Following Gittemeier , the motion court declined to conduct an abandonment inquiry, found the claims in Bell's pro se motion were not cognizable, and denied relief.
Bell's sole point on appeal charges that the motion court abused its discretion and was fundamentally unfair in following Gittemeier .
Bell acknowledges cases like Thornton v. Denney , 467 S.W.3d 292, 298-99 (Mo. banc 2015), that support the motion court's action. However, he claims that our supreme court in State v. Bazell , 497 S.W.3d 263 (Mo. banc 2016), and later decisions has applied a new statutory interpretation "going forward only in some cases" and taking into account whether a party should or should not receive the benefit or harm of a change in the law.
We disagree. Our supreme court's choice not to apply Bazell retroactively to final criminal cases where sentence has been executed and no appeal pends, see State ex rel. Windeknecht v. Mesmer , 530 S.W.3d 500, 503 (Mo. banc 2017), does not contradict the general principle that appellate statutory or rule interpretation applies to and governs cases then pending in trial courts.
Gittemeier came down months before the motion court decided this case. Bell cites nothing in Bazell or elsewhere that authorizes trial judges to disregard controlling case law on issues then pending before them. Judgment affirmed.