

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| MATTHEW B. RANDOLPH, | ) | No. ED111343 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | Montgomery County |
| vs. | ) | No. 12AA-CC00031 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Michael S. Wright |
| | ) | |
| Respondent. | ) | Filed: September 5, 2023 |

### Introduction

Following trial on March 23, 2011, a jury convicted Appellant Matthew Randolph of one count of statutory rape and two counts of statutory sodomy for offenses involving his niece who was a child under fourteen years of age. The Montgomery County circuit court sentenced Appellant to a total of seventy-five years imprisonment in the Missouri Department of Corrections. His convictions were affirmed on direct appeal in *State v. Randolph*, 367 S.W.3d 157 (Mo. App. E.D. 2012). Since that time, Randolph has commenced a long series of post-conviction relief proceedings in state and federal court resembling an odyssey that rivals the most lengthy appeals.

This most recent installment arises from the circuit court denying his "freestanding" amended Rule 29.15[1] motion where Randolph alleged that his initial *pro se* motion for post-

---

[1] All rule references are to the Missouri Supreme Court Rules (2023).

conviction relief qualified for the active interference exception and should be accepted by the court. In September 2012, the court dismissed Randolph's initial *pro se* motion for post-conviction relief as untimely.

In his sole point on appeal, Randolph argues that the circuit court clearly erred when denying his "freestanding" amended motion because he was unable to assert the active interference exception in 2012 after the court dismissed his initial *pro se* motion, effectively preventing him from filing an amended motion and raising the exception at that time. Randolph appears to assert that Rule 29.15(g) entitles him to file an amended motion, despite his untimely *pro se* motion.

We dismiss Randolph's appeal on the basis that his "freestanding" amended motion constitutes a successive motion under Rule 29.15(l).

**Discussion**

Circuit courts are prohibited from reviewing successive motions. Rule 29.15(l). "A motion is successive if it follows a previous post-conviction relief motion addressing the same conviction." *Conner v. State*, 629 S.W.3d 108, 112 (Mo. App. E.D. 2021) (citing *Turpin v. State*, 223 S.W.3d 175, 176 (Mo. App. W.D. 2007). Here, Randolph's "freestanding" amended motion is his sixth post-conviction relief motion filed in Missouri court addressing his March 2011 convictions. In addition to his untimely initial *pro se* motion filed in September 2012, Randolph filed a motion to reopen in October 2012, a "motion for leave to file initial Rule 29.15 motion out of time" in 2015, a "motion for post-conviction relief due to abandonment" in 2016, and a "motion to recall mandate" in 2021.

Moreover, Randolph raised the active interference exception in his 2015, 2016, and 2021 motions. On appeal from his 2015 motion, this court expressly held that Randolph's claim of

active interference was barred as successive because he should have raised it in his October 2012 motion to reopen but Randolph did not do so. *Randolph v. State*, 510 S.W.3d 348 (Mo. App. E.D. 2016) (citing *Swallow v. State*, 398 S.W.3d 1, 4 (Mo. banc 2013)). When Randolph raised the exception again in 2016, claiming he was "abandoned" by post-conviction counsel due to active interference, we affirmed the motion court's ruling that this motion was successive in violation of Rule 29.15(l). *Randolph v. State*, 534 S.W.3d 307 (Mo. App. E.D. 2017).[2] Then, in his 2021 motion, Randolph argued in part that "recall of the mandate is appropriate to ensure that Mr. Randolph's property interest in the Rule 29.15 procedure is protected in that his initial pro se rule 29.15 motion was untimely filed due to no fault of his own by the active interference of a third-party." The motion was denied on March 18, 2022, by order of this court.

This appeal represents another attempt to relitigate the same claims already rejected by this court on multiple occasions and violates Rule 29.15(l) which prohibits successive motions. Whereas the circuit court lacked authority to consider Randolph's successive motion, we, too, lack authority to consider this appeal. *Turpin*, 223 S.W.3d at 176.

## Conclusion

Randolph's appeal is dismissed.

_____
Thomas C. Clark II, Presiding Judge

James M. Dowd, J., and
John P. Torbitzky, J., concur.

---

[2] We note here that Randolph's claim of abandonment fails because "the abandonment doctrine applies only to cases involving *appointed* post-conviction counsel," and Randolph's post-conviction counsel, Gary Brotherton, was retained, not appointed. *Williams v. State*, 602 S.W.3d 275, 280 (Mo. App. E.D. 2020) (citing *Gittemeier v. State*, 527 S.W.3d 64, 71 (Mo. banc 2017)) (emphasis added).

3