

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

DOMINIQUE KEMPER,      )      No. ED111038

     Appellant,      )      Appeal from the Circuit Court of
     )      the City of St. Louis

vs.      )      2122-CC00829

STATE OF MISSOURI,      )      Honorable Clinton B. Wright

     Respondent.      )      Filed: October 24, 2023

Thomas C. Clark, II, C.J., James M. Dowd, J., and John P. Torbitzky, J.

## OPINION

In this post-conviction relief case, Dominique Kemper seeks relief pursuant to Rule 29.15[1] after a jury found him guilty of first-degree murder, armed criminal action, resisting a lawful stop, and possession of a controlled substance after he fatally shot a family friend and fled the police. After he was sentenced on April 12, 2019, Kemper appealed his convictions, which this Court affirmed in an unpublished decision in accordance with Rule 84.16(b).

Kemper then filed his timely *pro se* motion for post-conviction relief with the help of the district defender who represented him in his direct appeal. Several days later, another assistant public defender entered her appearance and filed a request for additional time to file Kemper's amended Rule 29.15 motion though that extension was not granted by the motion court. Counsel

---

[1] All rule references are to the Missouri Supreme Court Rules (2020).

then filed a second extension request over two months later which was granted to August 25, 2021 and the amended motion was filed on August 24, 2021.

Because the first extension request was not ruled on, the motion court properly found the amended motion to be untimely under Rule 29.15(g). The court then conducted an abandonment inquiry and found that Kemper had been abandoned. As a result, the court decided that Kemper was entitled to have his untimely amended motion heard. However, because post-conviction counsel had not been *appointed,* Kemper was not entitled to an abandonment inquiry nor to have his amended motion considered. *Gittemeier v. State*, 527 S.W.3d 64, 68 (Mo. banc 2017). Therefore, we are unable to address the merits of Kemper's appeal and remand to the motion court to adjudicate the claim in Kemper's *pro se* motion only.

**Background**

In the underlying case, Kemper was convicted by a jury of first-degree murder, armed criminal action, resisting a lawful stop, and possession of a controlled substance. On March 24, 2016, Kemper arrived at the home of a neighborhood friend during a wake and shot one of the mourners 23 times in front of friends and family before fleeing the police in a high-speed car chase. After Kemper's arrest, police found illegal drugs in the possession of Kemper's passenger who then told police the drugs were Kemper's.

On April 12, 2019, Kemper was sentenced as a prior offender to serve four consecutive terms: life imprisonment without the possibility of parole on Count I (murder), life imprisonment on Count II (ACA), four years on Count III (resisting), and seven years on Count IV (possession). We affirmed the trial court's judgment on direct appeal on September 15, 2020 and issued our mandate on January 27, 2021, making Kemper's post-conviction relief motion due on April 27, 2021. Kemper timely filed his *pro se* motion on April 26, 2021.

On May 5, the district defender, who helped Kemper with his *pro se* motion, withdrew and another assistant public defender entered her appearance. Notably, neither counsel was appointed by the court despite Kemper's *in forma pauperis* application. That same day, his new counsel requested an additional thirty days to file the amended motion. The court did not rule on that request. As a result, the amended motion remained due per Rule 29.15(g) on July 6. On July 21, 2021, counsel requested another thirty-day extension which the court purported to grant. The amended motion was then filed on August 24, 2021. Nevertheless, because Kemper's first extension request was not granted before July 6, the amended motion was untimely.[2] *Little v. State*, 652 S.W.3d 390, 393-94 (Mo. App. E.D. 2022).

On May 11, 2022, the court held an evidentiary hearing where counsel advised the court that she believed the amended motion had been untimely and that it was her fault, not Kemper's. Therefore, the court conducted a brief abandonment inquiry and found that Kemper had been abandoned such that the court was authorized to hear the claims in the amended motion. On August 26, 2022, the motion court denied Kemper's amended motion for post-conviction relief after an evidentiary hearing.

This appeal follows.

**Standard of Review**

We review a denial of a Rule 29.15 motion for post-conviction relief only to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Swallow v. State*, 398 S.W.3d 1, 10 (Mo. banc 2013). Findings and conclusions are

---

[2] We acknowledge Kemper's motion filed over a year after his counsel entered her appearance in this case seeking the belated declaration of Kemper's indigence and to appoint the public defender in these post-conviction relief proceedings. This motion was not ruled on and we are unaware of any authority that such a *post hoc* appointment would be sufficient to satisfy Rule 29.15(g)'s appointment requirement.

clearly erroneous only when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made. *Id.* at 3.

## Discussion

Rule 29.15(e) mandates that "[w]ithin 30 days after an indigent movant files a *pro se* motion, the court *shall cause counsel to be appointed* for the movant." (Emphasis added). "[W]hen post-conviction counsel is appointed to an indigent movant, an amended motion filed beyond the deadline . . . can constitute 'abandonment' of the movant." *Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015). "If an amended motion seeking post-conviction relief is untimely, the motion court is required to conduct an independent inquiry into the reason for the untimely filing to determine whether post-conviction counsel abandoned the movant, which must be done *before* considering the merits of the amended motion and the evidence in support." *Harley v. State*, 633 S.W.3d 912, 916 (Mo. App. E.D. 2021) (citing *Moore*, 458 S.W.3d at 825). If the motion court determines that the movant was abandoned, the court must permit the untimely filing; if the motion court finds the movant was not abandoned, the court does not permit the untimely filing and instead adjudicates the movant's initial *pro se* motion. *Id.* at 917.

The abandonment doctrine, however, only applies to appointed counsel, not retained counsel. *Gittemeier*, 527 S.W.3d at 68. "The abandonment doctrine was created to serve a limited purpose, and that limited purpose cannot be ignored in determining whether the abandonment doctrine extends to the conduct of retained counsel." *Id.* at 70. "Accordingly, in light of the abandonment doctrine's origins and the limited purpose it was created to serve, the doctrine applies only to situations involving *appointed* post-conviction counsel." *Id.* (emphasis added).

4

This strict requirement of an appointment is illustrated in *Borschnack v. State*, 614 S.W.3d 561, 569 (Mo. App. S.D. 2020), where the court found that the movant was not abandoned because the public defender's office did not receive notice of the appointment and did not take any action on the case. Borschnack subsequently retained counsel who filed an untimely motion. The court held "[t]his was not 'abandonment'—which is directed solely at the conduct of appointed counsel—though the effect was *similar* to abandonment in the respect that it was 'as if counsel had not been appointed at all,' and 'tantamount to a failure of the motion court to appoint counsel . . . in the first instance." *Id.* (internal quotations and citations omitted). Similarly, here, the court did not appoint counsel and therefore counsel could not have "abandoned" Kemper.

So, while we may be sympathetic to the circumstances here which appear to demonstrate that Kemper financially qualified for public defender representation, and in fact was represented by the public defender in his underlying trial and appeal, there is no question that the amended motion was untimely. And the foregoing authorities reserve the relief provided by the abandonment doctrine for an untimely amended motion to abandonment by an *appointed* counsel only and no appointment occurred here.

**Conclusion**

Therefore, we reverse and remand to the trial court for consideration of Kemper's *pro se* motion.

_____
James M. Dowd, Judge

Thomas C. Clark, II, C.J., and
John P. Torbitzky, J. concur.

5