

# Missouri Court of Appeals
## Southern District

### In Division

JEFFREY L. BRUNER,                          )
                                            )
        Appellant,                  )
                                            )   No. SD 38430
    v.                                     )
                                            )   **Filed:  March 31, 2025**
STATE OF MISSOURI,                          )
                                            )
        Respondent.                 )

### APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable Gayle L. Crane, Judge

### DISMISSED

Jeffery L. Bruner appeals the motion court's denial of his motion for postconviction relief filed pursuant to Rule 29.15.[1]  Because Bruner's amended motion for postconviction relief was not timely filed, the motion court lacked authority to rule on the amended motion.  Thus, the order entered by the motion court denying postconviction relief was not a final, appealable order.  Accordingly, we dismiss the appeal.

---

[1] Unless otherwise indicated, rule references are to Missouri Court Rules (2017).

**Factual Background**

A Jasper County jury found Bruner guilty of one count of first-degree murder and one count of armed criminal action. On June 15, 2015, the circuit court sentenced Bruner to life imprisonment without parole on the murder count and five years imprisonment on the armed-criminal-action count, to be served concurrently. Bruner filed a direct appeal to this court. On August 3, 2016, we issued an *en banc* opinion affirming Bruner's conviction and transferring the case to the Supreme Court of Missouri. The Supreme Court affirmed Bruner's conviction in an opinion issued on January 16, 2018, and entered its mandate on April 3, 2018. *State v. Bruner*, 541 S.W.3d 529 (Mo. banc 2018).

Bruner filed a *pro se* motion for postconviction relief on June 13, 2018, alleging twenty-four claims of ineffective assistance of trial counsel and two claims of ineffective assistance of appellate counsel. Bruner subsequently retained counsel ("Counsel"), who entered his appearance in the motion court on July 3, 2018. On August 9, 2018, Counsel requested an extension of time to file an amended motion for postconviction relief ("Amended Motion"), which the trial court granted on August 13, 2018. Counsel filed the Amended Motion on October 2, 2018. The motion court held a hearing on the Amended Motion on September 26, 2023, and issued its findings of fact and conclusions of law denying postconviction relief on January 24, 2024. Bruner appealed, raising one claim: that the motion court erred in sustaining the State's objections to multiple hearsay statements at the motion hearing.

**Legal Standards**

We review the findings of fact and conclusions of law denying a postconviction motion filed pursuant to Rule 29.15 for clear error. *Gittemeier v. State*, 527 S.W.3d 64, 67 (Mo. banc 2017) (quoting *Price v. State*, 422 S.W.3d 292, 294 (Mo. banc 2014)). "Findings and conclusions

2

are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Id.* at 67-68 (quoting *Price*, 422 S.W.3d at 294). Before we may consider the merits of the point on appeal, however, we must independently determine whether the motions for postconviction relief were timely filed. *Harley v. State*, 633 S.W.3d 912, 916 (Mo.App. E.D. 2021) (citing *Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015)).

"Rule 29.15(g)'s time limits for filing an amended motion are mandatory and cannot be extended by the motion court." *Gittemeier*, 527 S.W.3d at 68 (citing *Stanley v. State*, 420 S.W.3d 532, 540-41 (Mo. banc 2014)). We are required to enforce the mandatory rules of the Supreme Court of Missouri. *Cooper v. State*, 675 S.W.3d 718, 720 (Mo.App. S.D. 2023). "[A]ll claims raised in an untimely amended motion filed by retained counsel are waived." *Garretson v. State*, 695 S.W.3d 255, 262 (Mo.App. W.D. 2024) (citing *Gittemeier*, 527 S.W.3d at 66).

"When an untimely amended motion is filed, 'the motion court should not permit the filing of the amended motion and should proceed with adjudicating the movant's initial motion.'" *Id.* at 263 (citing *Briggs v. State*, 621 S.W.3d 614, 618 (Mo.App. W.D. 2021)). When the "*pro se* motion [does] not raise identical claims to those in [the] amended motion[,]" and the motion court did not adjudicate all the claims in the *pro se* motion, the motion court's "judgment is not final, and [the] appeal must be dismissed." *Id.* at 263; *see also Cooper*, 675 S.W.3d at 722 (dismissing appeal "[b]ecause the motion court failed to adjudicate the claims raised in [movant's] initial motion" and "there is no final judgment for us to review").

## Discussion

To determine if the motions were filed timely, we first must identify the version of Rule 29.15 applicable to Bruner's motion for postconviction relief. *See Wright v. State*, 634 S.W.3d

698, 702 (Mo.App. W.D. 2021). Bruner filed his *pro se* motion for postconviction relief on June 13, 2018. The 2018 version of Rule 29.15(m) states:

> This Rule 29.15 shall apply to all proceedings wherein sentence is pronounced on or after January 1, 2018. If sentence was pronounced prior to January 1, 2018, postconviction relief shall continue to be governed by the provisions of Rule 29.15 in effect on the date the motion was filed or December 31, 2017, whichever is earlier.

Bruner was sentenced in 2015 and, following the disposition of his appeal, filed his *pro se* motion for postconviction relief on June 13, 2018. Therefore, the second sentence of Rule 29.15(m) dictates that the timeliness provisions of the rule in effect on December 31, 2017,[2] apply to this case. The 2017 version of Rule 29.15(b) allowed a *pro se* movant ninety days from the issuance of the appellate court's mandate to file an initial motion for postconviction relief. The Supreme Court issued its mandate in Bruner's direct appeal on April 3, 2018. The last permissible day for Bruner to file his *pro se* motion was July 2, 2018. Bruner filed his motion on June 13, 2018, well within that time period. The *pro se* motion was timely filed.

Counsel entered his appearance for Bruner on July 3, 2018. Under the 2017 version of Rule 29.15(g), Bruner's Amended Motion was due sixty days from his retained attorney's entry of appearance. Thus, the Amended Motion was due on September 1, 2018. Counsel requested a thirty-day extension of this deadline on August 9, 2018, which the motion court granted on August

---

[2] The version of Rule 29.15(g) in effect on December 31, 2017, provided as follows:

> If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion or statement in lieu of an amended motion shall be filed within 60 days of the earlier of the date both the mandate of the appellate court is issued and:
>
> (1) Counsel is appointed, or
>
> (2) An entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.
>
> The court may extend the time for filing the amended motion or statement in lieu of an amended motion, with no extension exceeding 30 days individually and the total of all extensions not to exceed 60 days.

13, 2018, making the Amended Motion due October 1, 2018.[3] Counsel filed the Amended Motion on October 2, 2018, one day too late. As the Amended Motion was untimely, the motion court should not have permitted its filing and should have adjudicated the claims raised in Bruner's *pro se* motion. *Garretson*, 695 S.W.3d at 263.

When the "*pro se* motion [does] not raise identical claims to those in [the] amended motion," and the motion court did not adjudicate all the claims in the *pro se* motion, the motion court's "judgment is not final, and [the] appeal must be dismissed." *Id.* at 263. While Counsel's Amended Motion included some of the claims initially raised by Bruner in his *pro se* motion, other claims from the *pro se* motion, including all of the claims of ineffective assistance of appellate counsel, were omitted from the Amended Motion. Consequently, the motion court has not adjudicated all of the claims raised in the *pro se* motion. The motion court's judgment is neither final nor appealable, so we must dismiss this appeal.[4] *Id.*

JACK A. L. GOODMAN, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

JENNIFER R. GROWCOCK, C.J. – CONCURS

---

[3] It is of no consequence that September 1, 2018, was a Saturday. Following *Owens v. State*, 673 S.W.3d 839, 843 (Mo.App. S.D. 2023), we count continuously from the date of entry of appearance. "It is only when the final day of that **90-day period** falls on a Saturday, Sunday[,] or legal holiday that the time period is extended pursuant to Rule 44.01(a)." *Id.* (quoting *Duke v. State*, 545 S.W.3d 358, 361 n.4 (Mo.App. S.D. 2018)).

[4] The untimeliness of the Amended Motion is dispositive of this appeal. Had we not ended our inquiry with a finding that there was no final, appealable order, we would dismiss the appeal for noncompliance of Bruner's appellate brief with Rule 84.04 (2024). In addition to numerous misspellings and typographical errors, the sole point on appeal is multifarious and vague. *See State v. Minor*, 648 S.W.3d 721, 728 (Mo. banc 2022). The point challenges multiple hearsay rulings without sufficiently identifying which rulings are being challenged. Neither the argument section nor statement of facts identify the specific rulings challenged. In addition, the brief does not demonstrate whether or how these objections were preserved for appeal, nor does the brief suggest that any offers of proof were made.

Furthermore, the record on appeal is incomplete. Rule 81.12 (effective until July 1, 2024), states: "[t]he record on appeal shall contain all of the record, proceedings[,] and evidence necessary to the determination of all questions to be presented by either appellant or respondent, to the appellate court for decision." Documents from the trial court, this court in the direct appeal, and the Supreme Court of Missouri were not included. Confirmation of these documents and the dates they were filed are necessary to conduct a timeliness analysis pursuant to Rule 29.15.