

# Missouri Court of Appeals
## Southern District

### In Division

CHRISTINA N. KNAPP,      )
      )
      Movant-Appellant,      )
      )
      v.      )      No. SD38589
      )
STATE OF MISSOURI,      )      **Filed:  August 29, 2025**
      )
      Respondent-Respondent.      )

### APPEAL FROM THE CIRCUIT COURT OF LAWRENCE COUNTY

The Honorable David A. Cole, Judge

### AFFIRMED

Christina N. Knapp ("Knapp") appeals the Circuit Court of Lawrence County's ("motion court's") denial of her amended motion for post-conviction relief filed pursuant to Rule 24.035 following an evidentiary hearing.[1]  In a single point on appeal, Knapp claims the motion court clearly erred in denying her amended Rule 24.035 motion because counsel coerced her into pleading guilty, rendering her guilty plea unknowing, unintelligent, and involuntary.  Finding no clear error, we affirm the motion court's denial of post-conviction relief.

---

[1] All references to rules are to Missouri Court Rules (2025).

**Factual Background and Procedural History**

<u>The Underlying Offense</u>

On August 16, 2020, Knapp, along with multiple other defendants, was involved in events resulting in serious physical injury to one victim and death to a second victim, both from gunshot wounds. The victims were held at gunpoint and tortured on property owned by Knapp and then driven to a wooded location and shot.

<u>The Charges and Plea Hearing</u>

Knapp was charged by Indictment with nine counts arising from events that occurred on August 16, 2020. Knapp was charged with murder in the first degree (Count I), armed criminal action (Counts II, IV, VI and VIII), assault in the first degree (Count III), robbery in the first degree (Count V), kidnapping in the first degree (Count VII), and unlawful possession of a firearm (Count IX).[2] After plea negotiations ensued between the State and Knapp, the State made a final plea offer which Knapp accepted. At the plea hearing on February 1, 2022, before the trial court (the trial court judge was also the motion court judge), Knapp entered guilty pleas to robbery in the first degree (Count V) and kidnapping in the first degree (Count VII), in exchange for the State dismissing the remaining seven counts and the State recommending to the trial court that Knapp be sentenced to 15 years' imprisonment on Count V and 10 years' imprisonment on Count VII, each sentence to run consecutively to the other.

---

[2] *See* sections 565.020, 571.015, 565.050, 570.023, 565.110, and 571.070, respectively. All references to statutes are to RSMo 2016, unless otherwise specified, including changes effective January 1, 2017.

Prior to pleading guilty, Knapp filled out a Petition to Enter Plea of Guilty, which was admitted into evidence during the plea hearing. Also during the hearing, Knapp was informed of the Constitutional and other rights she was giving up by pleading guilty and the possible range of punishment for the offenses she was charged with. Knapp then admitted that she had received a copy of the charges against her, and that she had read the Indictment and understood her charges and the possible range of punishment for each charge, including life imprisonment on Count V. Knapp further admitted plea counsel had explained to her the offenses she was charged with and the punishment that could be assessed on each charge, that she had a Constitutional right to a jury trial among other accompanying rights, and that plea counsel had advised her that she "may plead not guilty and have a jury trial and that (s)he will represent me and conduct the trial of the case." Knapp stated she was satisfied that counsel had properly represented and advised her, had done everything she could have done in defending her, and had not persuaded or induced her to plead guilty against her will.

The trial court asked Knapp if anyone had "made any threats, any promises, used any force or coercion to get [her] to plead guilty today against [her] will?" Knapp responded, "[o]ther than maybe possibly getting convicted of more, no." The trial court then further explained:

> [The Court:] Well, I understand that is the nature of plea agreements sometimes, Ms. Knapp. But you understand that you do have the right to plead not guilty and we can have this jury trial, in fact, we are schedule[d] for a jury trial in a couple of weeks. Do you understand that?
>
> [Knapp:] I understand, your Honor.
>
> [The Court:] Has anybody done anything to get you to plead – to enter this plea against your will?

3

[Knapp:]  No, your Honor.

The State then outlined the factual basis to support a finding of guilty as to the

offenses of robbery and kidnapping:

> If the State had to try this case, the State would call all endorsed witnesses. We would expect the testimony to be as follows:  cumulatively the witnesses would testify that on August 16, 2020, [Knapp] acting in concert with Gary Hunter, Junior, Steven Caverley, Siera Dunham, Diona Parks, Lyle Delong, Kimberly Henderson, Frank Sheridan, Josh McDaniels, Lisa Hunter, Gary Hunter, Junior, Jason Nelson, David Griffin and Andrew Cypret committed the following crimes.
> On that day the Defendant Gary Hunter brought the victims [M.P. and S.P.] to the address located at 407 Porter Street, Stotts City, that is in Lawrence County. They would testify that property belonged to [Knapp]. During that time the testimony would be that [Knapp] brought Gary Hunter an AR-AK15 to use to restrain the victims [S.P. and M.P.] at gun point for approximately three hours.
> During that time, they were tortured while they were trying to – while the perpetrators were trying to obtain some information that they felt the victims had. During that time [Knapp] assisted Gary Hunter by bringing the weapon, by giving him the keys to a vehicle owned by [M.P.] without her consent and with the intent to permanently deprive her of it because the witnesses would testify that the truck was removed from the property. The truck was eventually destroyed, burned, depriving the victims of that use. The taking was done at gun point.
> During this time the victims were threatened multiple times that they were digging their own graves because they were given shovels and started digging holes on the property of [M.P.] (sic)[3] while she was present the whole time knowing what was being said, understanding what was being said and eventually [M.P. and S.P.] w[ere] put into the trunk of a vehicle. Multiple parties drove off with the vehicle and [M.P.'s] truck. They were driven to a property in the woods and eventually shot.
> [M.P.] was shot multiple times that was serious enough that would potentially cause serious physical injury and potentially death while [S.P.] was actually killed during this incident.
> At the end of all the evidence the State believes that they would be able to reasonably prove beyond a reasonable doubt that [Knapp] had committed the class A felony of robbery in the first degree by the taking of [M.P.'s] vehicle; forcibly stole the vehicle owned by [M.P.] and in the

---

[3] The State's comments are recounted verbatim from the transcript, which includes this acknowledgement from the court reporter indicating that the State misspoke and likely meant to say "the property of Knapp[.]"

4

course caused serious physical injury to [M.P.] in that we believe beyond a reasonable doubt that [Knapp] acting in concert with all the listed perpetrators committed the class B felony of kidnapping in the first degree by unlawfully confining [M.P. and S.P.] without their consent and for the purpose of inflicting physical injury on [M.P.]

Consistent with her Petition to Enter Plea of Guilty, Knapp acknowledged that she had discussed the offenses and ranges of punishment with counsel and she was satisfied with the representation she had received.

[The Court:]  Now, Ms. Knapp, you have been advised of the charges pending against you.

[Knapp:]  Yes, your Honor.

[The Court:]  The range of punishment for those offenses.

[Knapp:]  Yes, your Honor.

[The Court:]  And the evidence the State would present if this matter proceeded to trial.

[Knapp:]  Yes, your Honor.

[The Court:]  Have you had adequate opportunity to discuss every aspect of your case with your attorney?

[Knapp:]  Yes, your Honor.

[The Court:]  Has she done everything you have asked her to do?

[Knapp:]  Yes, your Honor.

[The Court:]  Are you fully satisfied with the representation she has provided you?

[Knapp:]  Yes, your Honor.

[The Court:]  Now, Ms. Knapp, are you under the influence of any medication, drugs or alcohol that would affect your judgment in any way today?

[Knapp:]  No, your Honor.

[The Court:]  Okay. And at this time do you wish to proceed with your plea of guilty?

[Knapp:]  Yes, your Honor.

[The Court:]  Is that because you are in fact guilty?

[Knapp:]  May I explain?

[The Court:]  Well, why don't you talk to [plea counsel].

[Knapp:]  It is because I am guilty, yes, your Honor.

After concluding its questioning of Knapp, the trial court found that a factual basis for the guilty plea existed, accepted Knapp's guilty plea, and found Knapp guilty of robbery in the first degree and kidnapping in the first degree.  The trial court then sentenced Knapp in accordance with the State's recommendation and consistent to the terms of the plea agreement to 15 years' imprisonment for robbery and 10 years' imprisonment for kidnapping, each sentence to be served consecutively to the other.

Following sentencing, the trial court advised Knapp as to her rights pursuant to Rule 24.035.  The trial court again asked Knapp whether she was satisfied with the representation plea counsel provided her with:

[The Court:]  Let me ask you again, Ms. Knapp, have you had adequate opportunity to discuss every aspect of your case with [plea counsel]?

[Knapp:]  Yes, your Honor.

[The Court:]  And has she done everything you have asked her to do?

[Knapp:]  Yes, your Honor.

[The Court:]  Are you fully satisfied with the representation she has provided you?

[Knapp:]  Yes, your Honor.

6

## Post-Conviction Proceedings

On July 8, 2022, Knapp filed a *pro se* Rule 24.035 motion for post-conviction relief. On July 21, 2022, the motion court appointed counsel to represent Knapp. Appointed counsel timely filed an Amended Motion to Vacate, Set Aside, or Correct Judgment and Sentence on Knapp's behalf.[4] In her amended motion, Knapp alleged plea counsel was ineffective and that her guilty plea was involuntary in that plea counsel (A) failed to accept the State's plea offer offering Knapp probation; (B) coerced Knapp into pleading guilty; and (C) failed to request a change of venue. The motion court held an evidentiary hearing on Knapp's claims in her amended motion.

At the evidentiary hearing, plea counsel testified that when the State makes a plea offer to her client she discusses the plea offer and the possible consequences of going to trial with her client, and then gives her recommendation based on the circumstances of the case. Plea counsel testified that, although she gives a recommendation, the decision of whether to accept a plea offer or to proceed to trial is for the client to make. Plea counsel testified she did all of that in this case. Plea counsel also stated she does not make the decision between going to trial or accepting a plea offer, and made it absolutely clear to Knapp here that it was Knapp's decision to make. Plea counsel knew Knapp wanted probation. However, plea counsel testified that the State presented its final offer to her that did not include probation and informed her it would not deviate from this offer. Plea counsel sent a letter to Knapp which explained the State's offer, all the possible consequences of accepting the offer and risk of not accepting the offer, and

---

[4] We have independently verified the timeliness of Knapp's original and amended post-conviction motions. *Schauer v. State*, 672 S.W.3d 84, 86 n.1 (Mo. App. S.D. 2023).

7

again informed Knapp that the decision whether to accept the plea offer was up to Knapp. Plea counsel testified she told Knapp she would defend her if she chose to go to trial, that if Knapp did not like the plea offer they could move forward and prepare for trial, and that plea counsel would be "there with [her] all the way" if she chose to go to trial. Plea counsel further testified that Knapp told her that she understood and chose to accept the plea offer and consequently entered a guilty plea pursuant to the State's offer. Knapp did not testify at the evidentiary hearing or present any evidence.

The motion court entered its Findings of Fact, Conclusions of Law and Judgment denying Knapp's claims set forth in her amended Rule 24.035 motion. The motion court found Knapp's claim lacked merit because plea counsel's testimony was credible, specifically that she did not tell Knapp to plead guilty instead of proceeding to trial, that Knapp had made her own decision to plead guilty, and that plea counsel told Knapp she would represent her at trial if she rejected the plea offer and instead chose to proceed to trial. The motion court concluded that Knapp's guilty pleas were entered knowingly, intelligently, and voluntarily stating:

> In order to prevail on a claim of ineffective assistance of counsel, [Knapp] must prove that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances and that counsel's deficient performance prejudiced the defense. *Jones v. State*, 661 S.W.3d 806 (Mo. App. S.D. 2023). This claim lacks merit. Defense counsel testified she advised [Knapp] to plead guilty and not go to trial and that [Knapp] made the decision to enter her pleas of guilty. Defense counsel testified she told [Knapp] she would represent her at trial if she chose to proceed to trial. Court finds defense counsel's testimony to be credible. The Court finds [Knapp]'s pleas of guilty were entered knowingly, intelligently and voluntarily. The claim in paragraph 8(b) is denied.

Knapp timely appeals.

8

Standard of Review

"Appellate review of the denial of a claim for post-conviction relief following a guilty plea is limited to a determination of whether the motion court's findings are clearly erroneous. Rule 24.035(k)[.]" ***Emmerson v. State***, 713 S.W.3d 644, 652 (Mo. App. S.D. 2025).

> Findings of fact and conclusions of law are clearly erroneous if the appellate court is left with the definite and firm impression that a mistake has been made. *Morrison v. State*, 701 S.W.3d 879, 884 (Mo. App. S.D. 2024). An appellate court presumes the motion court's findings are correct and defers to its "superior opportunity to judge the credibility of witnesses." *Id.* (quoting *Shockley v. State*, 579 S.W.3d 881, 892 (Mo. banc 2019)). "The motion court is free to believe all, part, or none of the testimony presented at the evidentiary hearing." *Id.* The motion court's findings are presumed to be correct. *Davis v. State*, 486 S.W.3d 898, 905 (Mo. banc 2016).

***Id.*** "A guilty plea waives, however, all constitutional and statutory claims except jurisdictional defects and claims that the guilty plea was not made knowingly, voluntarily, and intelligently." ***Stanley v. State***, 420 S.W.3d 532, 544 (Mo. banc 2014). "If an examination of the guilty plea proceedings directly refutes a movant's claim that [her] plea was involuntary, then the movant is not entitled to any relief." ***Jackson v. State***, 660 S.W.3d 679, 682 (Mo. App. E.D. 2023).

Analysis

In her sole point on appeal, Knapp claims the motion court clearly erred in denying claim 8(B) of her amended motion, which claimed plea counsel coerced her into pleading guilty, and therefore that her guilty plea was not knowingly, voluntarily, and intelligently made. Knapp asserted in her motion that but for plea counsel's undue coercion and persuasion, she would not have pleaded guilty and would have proceeded to trial.

A movant seeking post-conviction relief bears the burden of proving a claim of ineffective assistance of counsel by a preponderance of the evidence. ***Gittemeier v. State***, 527 S.W.3d 64, 71 (Mo. banc 2017). "Allegations in a post-conviction motion are not self-proving[.]" ***Id.***

> Post-conviction relief based on a claim of ineffective assistance of counsel must meet the requirements of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A movant must demonstrate that (1) trial counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under the circumstances and (2) movant was prejudiced as a result of counsel's failure. *Ellswood v. State*, 689 S.W.3d 813, 819 (Mo. App. S.D. 2024).

***Emmerson***, 713 S.W.3d at 652 (quoting ***Morrison***, 701 S.W.3d at 884). "In reviewing such claims, we are not required to examine both prongs; if [m]ovant fails to satisfy the performance prong, we need not consider the prejudice prong, and vice versa." ***Id.*** (quoting ***Valley v. State***, 679 S.W.3d 133, 136 (Mo. App. S.D. 2023)).

To satisfy the performance prong of the ***Strickland*** test, Knapp was required to "identify specific acts or omissions of counsel that resulted from unreasonable professional judgment," which the motion court must find are outside the range of competent assistance. ***Peterson v. State***, 149 S.W.3d 583, 585 (Mo. App. W.D. 2004) (quoting ***Middleton v. State***, 103 S.W.3d 726, 733 (Mo. banc 2003)). To satisfy the prejudice prong of the test and demonstrate the requisite prejudice, Knapp was required to show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Strickland***, 466 U.S. at 694. A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." ***Id.*** Knapp failed to meet her burden in the case to prove both the performance and prejudice prongs required under ***Strickland***. The record from Knapp's

10

plea hearing coupled with plea counsel's testimony at the evidentiary hearing directly refutes her claim that she received ineffective assistance of counsel.

Here, the guilty plea record establishes that Knapp repeatedly assured the trial court that she was satisfied with plea counsel's legal services provided to her, that plea counsel had properly represented and advised her, that she had done everything she could have done in defending her, and that plea counsel had not persuaded or induced her to plead guilty against her will. Further, her written Petition to Enter Plea of Guilty was admitted into evidence at the plea hearing which acknowledged everything the trial court was asking her during that hearing. A movant who repeatedly assures the court that she is satisfied with counsel's performance and that counsel has done everything movant has requested is barred from post-conviction relief based on a claim of ineffective assistance of counsel. *Martin v. State*, 600 S.W.3d 870, 873 (Mo. App. E.D. 2020). Plea counsel also testified during the evidentiary hearing that she discussed Knapp's options with her given the circumstances surrounding the case along with the State's plea offer, that she explained the potential outcome and possible consequences if Knapp chose to proceed to trial, and that she gave Knapp her recommendation given the circumstances of Knapp's case and the possibility of a life sentence if she were to be found guilty at trial. *See Ryan v. State*, 547 S.W.3d 151, 155 (Mo. banc 2018) (finding counsel is obligated to inform a defendant of the consequences of rejecting a plea offer and proceeding to trial; that any pressure or coercion resulting from such information is the direct result of the defendant's crimes and not from counsel). The record further shows that Knapp repeatedly denied that anyone induced her to plead guilty, either by threatening her, coercing her, or making any other promises outside the plea agreement to her. *Martin*, 600 S.W.3d at 873

11

(finding movant's statements that he had not been induced or threatened by counsel to plead guilty refuted his claim of ineffective assistance of counsel). Moreover, plea counsel also testified she informed Knapp that she would represent her at trial if she chose to forego pleading guilty and proceed to trial. The plea hearing record along with the evidentiary hearing record showed Knapp's decision to plead guilty was made freely and voluntarily.

Additionally, to satisfy the prejudice prong of *Strickland*, Knapp was required to prove that she would have insisted on going to trial but for plea counsel's alleged coercion. *Strickland*, 466 U.S. at 694. The record shows she failed to do so. Neither the plea record nor any testimony from plea counsel at the evidentiary hearing established this required prejudice. Knapp elected not to testify as to this fact, or at all, at the evidentiary hearing. The plea record established that, at the time she pleaded guilty, Knapp was facing nine separate charges with various ranges of punishment up to life imprisonment. Plea counsel testified that although Knapp wanted probation and probation may even have been a consideration initially, the State offered its final plea agreement that did not include probation but instead offered dismissal of seven charges with recommended sentences totaling 25 years' imprisonment instead. Plea counsel informed Knapp of the State's final offer and the State's refusal to offer probation, and informed Knapp she would represent her at trial if Knapp did not choose to accept the State's offer and pleaded guilty. Nonetheless, Knapp chose to accept the offer and pleaded guilty to two of the nine charges. A guilty plea made "to escape a greater penalty than might be assessed by a jury is not involuntary." *Milner v. State*, 968 S.W.2d 229, 231 (Mo. App. S.D. 1998). None of the proffered evidence showed Knapp wanted to

12

proceed to trial at the time she pleaded guilty, or that she would have gone to trial even if she would have satisfied her burden under *Strickland*'s performance prong.

Because Knapp failed to meet her burden of proof in this case entitling her to post-conviction relief, this Court is not left with the definite and firm impression that a mistake has been made after reviewing the entire record before it. The motion court's Findings of Fact, Conclusions of Law and Judgment was not clearly erroneous. The motion court's denial of Knapp's amended Rule 24.025 motion for post-conviction relief is affirmed.

JENNIFER R. GROWCOCK, C.J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

BECKY J. WEST, J. – CONCURS